In the Matter of the Application of DOUGLASS BOARDMAN, Appellant, *v.* THE BOARD OF SUPERVISORS OF TOMPKINS COUNTY, Respondent.

Personal property belonging to a resident of this State, in the hands of an agent also a resident, but living in another county, which is subject to the order and control of the owner, is taxable to him at his place of residence, and not to the agent.

The amendment of 1851 (§ 2, chap. 176, Laws of 1851), adding "agent" to those holding personal property in a representative capacity named in the provision of the Revised Statutes (1 R. S., 389, § 5), who are to be assessed for such property, in no respect changed the rule by which assessments to residents of the State are regulated, its scope is limited to the assessment and taxation of property within the State owned by non-residents of the State.

Accordingly *held*, where certain bonds and mortgages whose owners resided in Monroe county, which were in the hands of the relator as agent, held subject to the orders, and under the control of the owners, were,

notwithstanding his protest, assessed to the relator at his home in Tompkins county, that the assessment was illegal; and he having paid the tax thereon, that an order pursuant to the act of 1869 (Chap. 855, Laws of 1869), as amended in 1871 (Chap. 695, Laws of 1871), requiring the board of supervisors of Tompkins county to refund the amount paid, was properly granted by the county judge of that county.

*It seems* that the plan of taxation is to reach all personal property in the State, save as excepted, by assessing the owner at his home if in the State, the beneficial owner in the person of his trustee and the non-resident through his agent.

*Williams* v. *B'd of Supervisors* (78 N. Y. 561), *People* v. *Trustees of Ogdensburg* (48 id. 397), *Hoyt* v. *Commissioners of Taxes* (23 id. 224), *Catlin* v. *Hull* (21 Vt. 152), *People* v. *Gardner* (51 Barb. 352), distinguished.

(Submitted May 3, 1881 ; decided May 31, 1881.)

APPEAL from order of the General Term of the Supreme Court, in the third judicial department, reversing an order of the county judge of Tompkins county, which granted an application on the part of petitioner to compel defendant to refund a tax collected under an alleged illegal assessment.

The material facts are stated in the opinion.

*S. D. Halliday* for appellant. A trustee, guardian, executor or administrator is, in law, the owner of the personal property held by him as such. It must be assessed to him where he lives. (1 R. S. 389, § 5 [1st ed.] ; *Lord* v. *Arnold*, 18 Barb. 104.)

*Wm. N. Noble* for respondent. The petitioner was properly assessed on account of the securities in question. (1 R. S. 389, § 5, as amended, § 2, chap. 176, Laws of 1851 ; *Williams* v. *Bd. of Sup'vrs*, 78 N. Y. 555 ; *People* v. *Trustees of Village of Ogdensburg*, 48 id. 397.) The *situs* of this personal property was at Ithaca. (*Hoyt* v. *Com. of Taxes*, 23 N. Y. 390 ; *Catlin* v. *Hull*, 21 Vt. 152.) The agent was properly assessed on account of it. (*People* v. *Trustees of Ogdensburg*, 48 N. Y. 390.) The principals residing in Monroe county could not have been legally assessed there on account of this property. (*People* v. *Gardner*, 51 Barb. 352.)

DANFORTH, J. There is no dispute about the facts upon which this appeal depends. The appellant had, as agent for his sisters, bonds and mortgages belonging to them, to the amount of $12,500. He had procured them at their request, by means of their money, as an investment, and they remained in his hands as their agent and for their convenience. He held them subject to their order, and they had at all times exclusive control over, *first*, the money with which they were obtained, and *second*, the securities. He resided in Ithaca, Tompkins county, and they in Rochester, Monroe county, all in this State. The assessors of the town of Ithaca were informed of these facts, and disregarding his protest made an assessment in these words: " Douglas Boardman, agent, personal property, $12,500." The tax was collected, and he applied to the County Court of Tompkins county, under chapter 855 of the Laws of 1869, as amended by chapter 695 of the Laws of 1871, for an order requiring the supervisors of that county to refund the amount paid. The order was granted, but upon appeal reversed by the General Term of the Supreme Court. In this we think was error. The general legislation of the State in reference to taxation as it stood in 1861 was examined by this court in *Hoyt* v. *Commissioners of Taxes* (23 N. Y. 224), and so far as the question before us is concerned it is unaffected by any subsequent statute. As to the subjects of taxation a literal meaning was there given to the language of the statute, which defines the property liable thereto " as all lands and all personal estate within this State " (1 R. S., tit. 1, chap. 13, § 1, p. 387), and it was held that by necessary implication no other property could be taxed. The precise point of the decision was that personal property of a resident of this State actually situated in another State or county was not to be included in the assessment against him. But it necessarily followed that personal property of a non-resident which is situated here was liable to taxation except such articles as are exempt by the provisions of section 5 (*infra*). The place and mode of assessment were also referred to, and the court had under consideration the statutory provisions con-

tained in 1 R. S., pt. 1, chap. 13, tit. 2, art. 1, entitled " of the place in which property is to be assessed," and the result then reached is important in its bearing upon the question before us. Under the statute *supra*, land is to be assessed to its owner when situated in the town where he resides; if it is in another town, and occupied by another person, to the owner or occupant, and if so situated and unoccupied, it is to be assessed as land of a non-resident. But section 5 of that act declared that every person shall be assessed in the town where he resides for all personal estate owned by him, including all such personal estate as is in his possession, or under his control, as trustee, guardian, executor or administrator, and " that in no case shall property so held under either of those trusts be assessed against any other person." It thus appears that the object of this scheme of taxation is to reach property within this State without regard to the owner's residence, and this was effected by placing it against the name of the owner if he resides here, or if he resides elsewhere, by assessing it to the person in whose control it is found. Under this law can it be supposed that the bonds and mortgages in question could lawfully escape taxation? The owners resided in this State, had full control over them, but for the time being the manual possession was in the appellant. He did not hold them, however, either as executor, or administrator, or trustee. If the owner was called upon by the assessors in Monroe county these facts would be no answer to their exaction. Yet if the statute applies, it would be, for its language is peremptory ; " in no case," it says, shall property so held under either of those trusts be assessed against any other person. The reasonable limitation of the statute is, therefore, to property owned by a non-resident situate in this State, but in the hands of some one having a special interest in or control over it, or to property in the hands of one occupying a peculiar relation to it as trustee, executor or administrator, although the real party in interest as legatee, devisee, *cestui que trust* or other like character resides in the State. So far, we have had before us the statute as enacted in 1830. The respondent places his contention upon

subsequent legislation, that of 1851 (*Laws of* 1851, *chap.* 176, *p.* 332). By this the word "agent" was placed before that of "trustee" in the fifth section, and thus a new representative character added to those already named. Nothing was stricken from the section, but other additions made, qualifying the general effect of the word "agent," and restricting the species of property for the possession of which he might be assessed. It in no respect changed the rule by which assessments to residents of the State were to be regulated, but provided that, in case any person possessed of personal estate shall reside in two or more counties, his residence, for the purposes of the section, shall be deemed to be where his principal business shall have been transacted, and adds that the products of any State of the United States, consigned to agents in this State, for sale on commission for the benefit of the owner, shall not be assessed to such agent, nor shall agents of moneyed corporations or capitalists be liable to taxation under this section for any moneys in their possession or under their control transmitted to them for the purposes of investment or otherwise. This amendment was held, in the case cited (*Hoyt* v. *Commissioner*, *supra*), to confirm the view there taken, that an actual *situs* of property within the State was the criterion for taxation. It does not aid the appellant, for its scope is limited to the liability of non-residents of the State for property brought or sent into it. But concerning the entire section and its amendment the court says (*Hoyt* v. *Commissioner, supra*): "In that mode the estates of non-residents having a *situs* here were reached. But it was at least doubtful whether the terms trustee, guardian, etc., were sufficiently descriptive to include property of non-residents situated here, under all conditions, which ought to subjecti it to taxation. The more comprehensive word *agent*, therefore, was added." This is a natural construction, and, so limited, completes the plan of taxation. The object of this kind of legislation is to reach all property in this State, and is effected when the resident is assessed at his home — the beneficial owner in the person of his trustee, and the non-resident through his agent. Any other construction would

defeat this object.    A person living in a city where taxation
was onerous would escape the burden by placing his personal
assets in the hands of an agent in an outlying town, while the
countryman, whose property might at the time of assessment
be in the hands of his factor, broker or commission agent for
sale or investment, would find it enlarged by city valuations
only to be diminished by taxes from which he could derive no
benefit.    Produce, money and securities, for purposes of sale,
investment or collection, are constantly moved from the owner
to his factor, broker, or attorney.    At all times he can easily be
reached at his residence ; but, if taxation is to depend upon
locality, the rate will be uncertain and the work of discovery
attended with increased difficulty. . Such a result is not called
for by the terms of the statute, nor can it be justified on principle.
If sustained, it must be upon authority.    The learned counsel
for the respondent refers us to *Williams* v. *Board of Super-*
*visors* (78 N. Y. 561); *People* v. *Trustees of Ogdensburg.* (48
id. 397); *Hoyt* v. *Commissioners of Taxes* (23 id. 224);
*Catlin* v. *Hull,* (21 Vt. 152); *People* v. *Gardner* (51 Barb.
352), but a careful examination of each one of these cases
leads to a different conclusion.    *Williams* v. *Board of Super-*
*visors* related to an agent acting for a foreign principal, and the
property in his hands was held to be exempt within the qualifi-
cation of the act of 1851 before referred to.    *Hoyt* v. *Com-*
*missioners of Taxes* has been before spoken of.    *Catlin* v.
*Hull* brought before the court an agent holding in his hands
securities belonging to a non-resident of the State, and for his
services receiving a salary.    The court held that they were
"held in trust" within the meaning of the statute, and so tax-
able to him.    *People* v. *Gardner* was the case of a resident of
this State successfully resisting taxation here upon securities in
the hands of his agent in another State, and was disposed of
upon the principle settled in *Hoyt* v. *Commissioners of Taxes*
(*supra*), and likewise stated in *Catlin* v. *Hull* (*supra*).    *People*
v. *Trustees of Ogdensburg* came up on *certiorari* to review a
tax laid under the act of 1851 (Chap. 371), entitled "An act to
subject certain debts owing to non-residents to taxation," and

has no bearing upon any question before us.     There is, therefore, nothing to interfere with the conclusion required by sound policy and reason that the bonds and mortgages were taxable in Monroe county to the owners and were not assessable to the relator.     The order of the Supreme Court should, therefore, be reversed and the order of the County Court affirmed, with costs.

All concur, except FOLGER, Ch. J., absent, and FINCH, J., taking no part.

Ordered accordingly.