THE PEOPLE, ex rel. ADON SMITH, JR., Appellant, *v.* THE COMMISSIONERS OF TAXES AND ASSESSMENTS OF THE CITY OF NEW YORK et al., Respondents.

A committee of the estate of a lunatic is not an agent or trustee within the meaning of the provision of the Revised Statutes (1 R. S. 389, § 5, as amended by § 2, chap. 176, Laws of 1851), which provides that every person shall be assessed in the town or ward where he resides, for "all personal estate in his possession, or under his control as agent, trustee," etc.

The committee discharges a trust, but such trust is in the court whose officer he is, and the lunatic is not divested of his estate ; its control and management simply are taken from him.

Where, therefore, S., who resided in the city of New York, was appointed committee of the estate of a lunatic, who resided in Madison county, and the board of tax commissioners of the city assessed to S. "as committee," etc., the personal estate of the lunatic, *held,* that the assessment was erroneous, and was properly vacated.

*It seems* that the personalty should have been assessed to the lunatic at his place of residence.

*People, ex rel. Smith,* v. *Com'rs, etc.* (36 Hun, 359), reversed.

(Argued October 6, 1885 ; decided October 21, 1885.)

APPEAL from order of the General Term of the Supreme Court, in the first judicial department, made May 8, 1885, which reversed an order of Special Term, reversing the action of the commissioners of taxes and assessments, in the city of New York, in assessing to the relator "as committee of Sidney Smith" the personal property held by him as such committee. (Reported below, 36 Hun, 359.)

The material facts are stated in the opinion.

*William Man* for appellant. The lunatic remains the owner of his property in spite of the appointment of the committee by the Supreme Court. (3 R. S. [5th ed.] 134, §§ 12, 17 ; Code of Civ. Pro., §§ 2320, 2322, 2343 ; *McKillip* v. *McKillip,* 8 Barb. 153 ; *Lane* v. *Schermerhorn,* 1 Hill, 97 ; *Pickersgill* v. *Read,* 5 Hun, 170.) The committee is not an agent, trustee or guardian within the meaning of section 5 of article 1 of the act in regard to taxation. (2 R. S. [7th ed.]

989; *Boardman* v. *Supervisors, etc.*, 85 N. Y. 359; *Ortley* v. *Messere*, 7 Johns. Ch. 139.) The committee, who is merely the agent of the court under its order, and not under any contract, deed or will, is not taxable, and the person who is the real owner of the property is taxable where he resides. (*Matter of Kellinger*, 9 Paige's Ch. 62.)

*D. J. Dean* for respondents. The relator, as committee of Sidney Smith, was liable to assessments for the personal property held by him in that capacity. (2 R. S. [7th ed.] 989, 991.) All of the elements necessary to create a trustee exist in the case of a committee. He is a person in whom " some estate, interest or power in or affecting property of any description is vested for the benefit of another." (*Pickersgill* v. *Read*, 5 Hun, 170; *Ortley* v. *Messere*, 5 Johns. Ch. 139; *Person* v. *Warren*, 14 Barb. 494; *Thomas* v. *Bennett*, 56 id. 201; *Fields* v. *Fowler*, 2 Hun, 401.) When the committee is appointed, the committee, and not the court, becomes the trustee within the meaning of the statute. (*Matter of Kellinger*, 9 Paige's Ch. 62.) The term " trustee," as used in the statute, includes the relator. (*Duroussian* v. *United States*, 6 Cranch, 314, 323; *Wakefield* v. *Fargo*, 90 N. Y. 213; *Holmes* v. *Carley*, 31 id. 290; *Chase* v. *N. Y. C. R. R. Co.*, 26 id. 523.)

DANFORTH, J. The relator, by an order of the Supreme Court entered in Madison county, was appointed committee of the estate of one Smith, a lunatic, who resided in that county. The relator lived in the city of New York, and its board of tax commissioners assessed to him, " as committee," the personal estate of the lunatic. Upon *certiorari* the court at Special Term vacated the assessment on the ground that the estate was not in possession of the relator, or under his control as " agent, trustee, guardian, executor or administrator," within the meaning of the statute (*infra*). Upon appeal to the General Term the decision was reversed.

There was no question that the property was liable to tax-

1885.] PEOPLE, ex rel. SMITH, v. COM'RS OF TAXES, ETC. **217**

Opinion of the Court, per DANFORTH, J.

ation, but the contention of the relator is that it should have been assessed against the lunatic at his place of residence. This depends upon the statute which prescribes the place in which property is to be assessed. The general provision under the Revised Statutes (Vol. 1, tit. 2, pt. 1, chap. 13, art. 1, § 5), as amended in 1851 (Laws of 1851, chap. 176, § 2), so far as it relates to this case, is that "*every person* shall be assessed in the town or ward where he resides, when the assessment is made, for all personal estate owned by him, including all personal estate in his possession or under his control *as agent*, trustee, executor or administrator, and in no case shall property so held under either of these *trusts* be assessed against any other person."

The relator cannot be regarded as "agent," for that designation, as we have already held, only applies to one whose principal is a non-resident of the State. (*Boardman* v. *Supervisors, etc.*, 85 N. Y. 359.) It is obvious that he is neither executor nor administrator, nor is he assessed as such, nor as trustee or guardian. Strictly, then, the statute has not been followed. It says: "When a person is assessed as trustee, guardian, executor or administrator, he shall be assessed as such, with the addition to his name of his representative character." Nor is the style or title by which the relator is described convertible with the statutory appellations. The office of committee is as well defined and specifically referred to in law and in the statutes, as that of guardian, executor or administrator.

The person filling either may be said to perform the function of a trustee; and had the legislature intended by that general word to embrace all persons who might be so described, it is difficult to see why they selected specific terms by which particular characters are indicated unless they intended to exclude others, nor why the word "trustee" was coupled with them unless it was to be taken in a technical sense and limited in its application to such persons as might by express appointment fill the office and by virtue of it hold the legal title to property as trustee under some trust authorized by statute.

A different construction would deprive the prohibition of the statute (*supra*), of any force. It declares that " in no case shall property so held under either of these trusts be assessed against any other person." They are words of limitation and include only such persons as are invested with a delegated power under one or the other of the terms referred to. Such is not the case with the relator.

A trust is no doubt discharged by a committee of the estate of a lunatic, but the trust is in the court, and the committee acts under its appointment as agent, officer or bailiff. Through him the court must preserve the property intrusted to it and therewith maintain the lunatic and his family. But the lunatic is not divested of his estate or property rights, and the legal title thereto remains as before. Nothing has been taken from him but its control and management (*Beverley's Case*, Coke's Rep., part IV, p. 123; *Lane & Gros* v. *Schermerhorn*, 1 Hill, 97; *McKillip* v. *McKillip*, 8 Barb. 552; Code of Civ. Proc., chap. 17, tit. 6), and it is only by statute that certain actions even in respect thereto can be brought in any name save his. (Laws of 1845, chap. 112.) In a general sense and for certain purposes an " agent " is a trustee; yet it was deemed necessary to bring such a representative within the statute by amendment. The duties of attorney or factor or bailee would permit the same interpretation, and by the Code regulating procedure in actions any one with whom a contract is made for the benefit of another is to be deemed a trustee of an express trust and permitted to sue without joining with him the person for whose benefit the action was prosecuted (§ 449), but it cannot be supposed that such a person would be embraced within the statute which lies at the foundation of this proceeding. Something more than a trust reposed in one is required to make him a " trustee," according to its intent. So is it with the " committee " of a lunatic. He executes an important trust, but it is by virtue of a mere authority without any interest. It would seem to follow that the relator as " committee " could not be liable to assessment upon the property held by him in that capacity, but that it should be assessed to the lunatic, its

owner, in the place where he resides.    (1 Rev. Stat., title 2, part 1, chap. 13, art. 1, § 5.)

The order of the General Term should, therefore, be reversed, and the order of the Special Term affirmed, with costs in each court.

All concur.

Ordered accordingly.