PEOPLE ex rel. UNITED STATES TRUST CO. OF NEW YORK v. BARKER et al., Commissioners of Taxes.

(Supreme Court, General Term, First Department. January 13, 1893.)

1. TAXES—ASSESSMENT TO LUNATIC—COMMITTEE.
　　The fact that an assessment of personalty belonging to a lunatic is found under the first letter of the lunatic's name, in the alphabetical record required by Consolidation Act. § 818, to be kept of persons subject to taxation, the proper place for it if the intention was to assess the lunatic, but not if the intention was to assess the committee as representing the lunatic, is sufficient to show that the assessment was of the lunatic.

2. SAME.
　　The fact that the assessment shows, in addition to the name of the lunatic, the name also of the committee, and the place of business of the committee, does not invalidate the assessment, as if against the committee.

Appeal from special term, New York county.

Proceeding on relation of the United States Trust company of New York, as committee of the estate of Charles A. Langlois, a lunatic, against Edward P. Barker and others, commissioners of taxes, to review an assessment. The assessment was for personal taxes, and was entered on the "Annual Record" against "Charles A. Langlois, by United States Trust Company, Committee," with the designation of the place of business of the committee, and the ward wherein such place of business was situated. There was an order vacating the assessment. The commissioners appeal. Reversed.

Argued before VAN BRUNT, P. J., and O'BRIEN and FOLLETT, JJ.

William H. Clark, (Geo. S. Coleman, of counsel,) for appellants.
Edward W. Sheldon, for respondent.

VAN BRUNT, P. J. It is conceded that the lunatic resides in the city of New York, and was properly assessable in said city upon his personal property; and the question presented upon this appeal is whether such lunatic was assessed, or whether the assessment was levied against the committee. If such assessment was levied against the com-

mittee, then the case of People v. Tax Com'rs, 100 N. Y. 215, 3 N. E. Rep. 85, is authority for the proposition that such assessment is void. But upon an examination of the record we are of opinion that the commissioners of taxes, in levying this assessment, intended to and did assess the lunatic, and not the committee. This view is sustained by the provisions of the New York consolidation act, (section 818,) which requires that the assessed valuation of all personal property shall be en-- tered by said commissioners in books or records in alphabetical order of the names of persons and corporations subject to taxation; and in the record of assessment for personal taxes this assessment is found under the letter L, the proper place for the entry of such assessment, if it was the intention of the commissioners to assess the personal property of the lunatic, but not the proper place for such entry if they intended to as- sess the committee as representing the lunatic. Therefore, it being clear as to the intention of the tax commissioners in levying the assess- ment, the question remains as to whether, by the addition of the words to the assessment "by U. S. Trust Company, Committee," and attach- ing the place of business of the committee, and the ward in which such place of business was situated, such assessment has been invalidated. We cannot find any authority, either in principle or in adjudication, to sustain such a conclusion. These additions were mere surplusage. The assessment would have been perfectly good without any of them ap- pearing upon the record; and, where the intention clearly appears, it does not seem to us that the action of the tax commissioners should be invalidated, simply because they have done too much, by offering more facilities than they were required to do by law to the committee for as- certaining what tax has been levied against the lunatic. We are of opinion, therefore, that the order should be reversed, with $10 costs and disbursements, and the petition dismissed, with $10 costs. All con- cur.