The People of the State of New York ex rel. George Canaday, as Committee, etc., of Jeremiah Canaday, an Adjudged Lunatic, Respondent, *v.* James H. Williams and Others, as Assessors of the Town of Nassau, Rensselaer County, N. Y., Appellants.

90h    501
83 AD⁴183

*Assessors — real estate bought with the pension of a lunatic (a discharged sailor) is exempt from taxation — the committee is a "person aggrieved" and may review the decision of the assessors — facts conceded on a hearing before the assessors cannot be reviewed — costs, when imposed upon assessors — title to real property should be taken in the name of the lunatic.*

Where it appears that property, standing in the name of the committee of a lunatic, was in fact purchased with money which the lunatic had received as a pension by reason of his being an honorably discharged sailor in the United States navy, it is exempt from levy and sale under execution, and is, therefore, exempt from taxation, and should upon proper application be stricken from the assessment roll by the assessors.

Where a person aggrieved by an assessment, which is alleged to have been illegal, applies to assessors for relief, and a hearing is had before them, a fact which was conceded by them upon the hearing, as for example that the petitioner was the committee of a lunatic, cannot come up for review on a certiorari brought to review the decision actually made by the assessors. The committee of a lunatic whose real property has been illegally assessed is a "person aggrieved" by the action of the assessors, within the meaning of section 1, chapter 269 of the Laws of 1880, and, under the power and authority given to such committee by section 2340 of the Code of Civil Procedure, he may sue out a writ of certiorari to review the action of the assessors.

*It seems,* that a committee of the person and estate of a lunatic has no right to take title to real estate, purchased with the money of the lunatic, in his own name as committee, but that the title thereto should be taken in the name of the lunatic.

Assessors, or other persons whose proceedings may be reversed under chapter 269 of the Laws of 1880, should not be charged with costs unless they acted with gross negligence, in bad faith or with malice, and where a question of law, not free from doubt, is submitted to assessors, and their action upon it is subsequently reversed, costs ought not to be awarded against them.

Appeal by the defendants, James H. Williams and others, as assessors of the town of Nassau, Rensselaer county, from a judgment of the Supreme Court in favor of the relator, entered in the clerk's office of the county of Albany on the 17th day of May, 1895, upon the decision of the court rendered after a trial at the Albany Special Term, and also from an order made at the Albany Special

Term bearing date the 30th day of October, 1894, and entered in the office of the clerk of the county of Albany, denying the defendants' motion to quash and supersede a writ of certiorari and the proceedings in the action, and also from all further orders, decisions and rulings of the court therein.

*Henderson Peck*, for the appellants.

*Zeb A. Dyer*, for the respondent.

Putnam, J. :

This is an appeal by defendants from the judgment entered herein and from an order of the Special Term denying their motion to quash a writ of certiorari issued under the provisions of chapter 269, Laws of 1880, to review an assessment of certain real, estate of which George Canaday, as committee of Jeremiah Canaday, a lunatic, holds the legal title. It was placed on the assessment roll by defendants, the assessors of the town of Nassau, N. Y., in the year 1894 against George H. Canaday individually. Relator appeared before said assessors by attorney on the day appointed for hearing grievances, and claimed that said real estate was exempt from taxation, on the ground that it was owned by him as committee as aforesaid, and was purchased with pension money of said lunatic received from the United States by said Jeremiah Canaday as a disabled sailor; and relator produced and read to said assessors on said hearing a verified petition showing the facts as claimed by him. The assessors declined to strike said assessment from the roll, and relator obtained a writ of certiorari.

The court below appointed a referee to take evidence under the provisions of section 4, chapter 269, Laws of 1880, and on the report of said referee made findings which appear in the papers submitted to us. Among other things the court found "That George Canaday, as committee of Jeremiah Canaday, an adjudged lunatic, on said 22d day of July, 1889, became and ever since has been and now is the owner of the premises described in the petition herein.

"That the money used in the purchase of the premises described in this proceeding was pension money received from the United States Government by Jeremiah Canaday, an honorably discharged sailor in the United States Navy.

" That the property described in the petition in this proceeding is now held by George Canaday as committee of Jeremiah Canaday for and on account of the said Jeremiah Canaday and the family of said Jeremiah Canaday."

In reference to the hearing before the assessors the following findings were made: "That on such hearing the petitioner, George Canaday, filed with said assessors his affidavit, showing that the land in question was purchased by pension moneys for the benefit of a disabled sailor by moneys paid such disabled sailor by the United States.

" That upon such hearing the said petitioner, by his said attorneys, stated to said assessors that if they were not satisfied that the statements set forth in the petition were true he would have the petitioner appear in person and would produce evidence before them to show that the money which purchased this farm was pension money received by said committee from the United States, and the said assessors replied that there was no need of doing that.

" That said assessors did not request the presence or appearance of said petitioner to make proof of the facts alleged in the petition.

" That said assessors did not request the production of any proof of the facts alleged in the petition.

" That said assessors refused to strike the said assessment of said property from said assessment roll of said town and to assess said property as exempt property, basing their decision on the ground that the law did not exempt said property from taxation."

The evidence in the case was sufficient to sustain these findings of the court below.

As the title to said real estate was shown to be in relator as committee of said lunatic, and as it was purchased with money of the lunatic received as a pension from the United States, and as property so purchased is exempt from levy and sale under execution (*Yates Co. Nat. Bank* v. *Carpenter*, 119 N. Y. 550), and hence by statute exempt from taxation, it would seem to follow that the assessment in question should have been stricken from the roll by the assessors on the application of relator, and that the court below reached a correct conclusion in the matter unless certain positions taken by the appellants can be sustained.

It is urged that relator failed to show in the court below that he

was duly and legally appointed committee of the person and estate of said lunatic. It is a sufficient answer to this position that no such claim was made on the hearing before the assessors. The relator by his attorneys read an affidavit alleging his appointment as such committee, and as the Special Term found, on competent evidence, offered to come in person before the assessors and produce evidence before them of the truth of the matters alleged in the petition and the assessors waived the production of such proof; also, there was testimony below that the assessors said to relator's counsel on the hearing before them that they did not · dispute the facts set forth in the petition; that they did not believe the law allowed them to exempt such property.

A fact which was conceded by the assessors on the hearing before them is not up for review on the certiorari to review their determination. The office of a certiorari is to review the decision actually made by the assessors. (*People ex rel. Brisbane v. Zoll & Others*, 97 N. Y. 203; *Matter of Corwin*, 135 N. Y. 245–251.)

The facts conceded and agreed upon by the parties on the hearing before the assessors could properly be deemed established on the hearing of the certiorari.

There was no dispute as to the fact that the title of the property described in the petition was in George Canaday as committee. The defendants assumed to assess it against George H. Canaday individually. I think that under section 1, chapter 269, Laws of 1880, the relator, as committee, was a person aggrieved by the action of the assessors, and, under section 2340, Code of Civil Procedure, he was authorized to sue out a writ of certiorari.

The papers submitted show that relator purchased the property in question on a mortgage sale under a mortgage held by him for the lunatic, taking title to George Canaday as committee of Jeremiah Canaday, an adjudicated lunatic. Probably he should have taken title in the name of the lunatic. It is doubtful whether a committee of the person and estate of a lunatic has a right to take title to real estate in his own name for the lunatic. It is held that a committee takes no title to a lunatic's estate. He is a mere bailiff to take care of and to administer it under the direction of the court, and in fact is an officer of the court. (*Matter of Strasburger*, 132 N. Y. 128; *People ex rel. Smith v. Commissioners of Taxes*, 100

id. 215; *Underhill* v. *Jackson*, 1 Barb. Ch. 73; *Matter of Application of Otis & Others*, 101 N. Y. 580, 581; *Pharis* v. *Gere*, 110 id. 336.)

I am inclined to think, therefore, that the purchase by relator of the property in question and the taking of the title thereto in his own name was unauthorized. But, assuming that such is the fact and that relator as committee cannot legally hold real estate of the lunatic, it follows that under the provisions of the Statute of Uses and Trusts he holds title to the property in question as trustee of said Jeremiah Canaday — a mere naked title without interest. (*Siemon* v. *Schurck*, 29 N. Y. 598; *Reitz* v. *Reitz*, 80 id. 538.)

In this view of the case the title to the premises in question is in relator as trustee of the lunatic. As such trustee he holds a mere legal, naked title, without any interest in the premises. He holds such legal, naked title for the benefit of Jeremiah Canaday. I conclude, therefore, that as the land is thus held for the benefit of the lunatic, and as the latter is in fact the beneficial owner thereof, and such land was purchased with his pension, that it is exempt from taxation, and see no reason to doubt that relator as committee, under the provisions of section 2340 (*supra*), was authorized to maintain a certiorari to review the action of the assessors. Hence the determination of the Special Term should be sustained, except in one regard.

In the order appealed from costs were awarded against the assessors. By section 6 of chapter 269 (*supra*), it is provided that costs shall not be allowed against the assessors or other officers whose proceedings may be reversed under the act unless it shall appear that they acted with gross negligence, in bad faith, or with malice. The question submitted to the assessors was not free from doubt, and I think the papers submitted to us do not show such a state of facts as justifies an award of costs against them under the provisions of the act. In this regard the order and judgment should be modified, and, as modified, affirmed, without costs.

MAYHAM, P. J., and HERRICK, J., concurred.

Order and judgment modified, and, as modified, affirmed, without costs of appeal.