## VOLUME 63.

AND

## New York State Reporter,

## VOLUME 97.

---

(48 App. Div. 426.)

### LOUCKS v. HALLENBECK et al.

(Supreme Court, Appellate Division, Third Department.  March 20, 1900.)

1. SUMMONS—SERVICE—DEPUTATION.
    Where plaintiff's agent had possession of the note sued on, demanded its payment, and commenced action thereon, his request that he be deputized to serve the summons was at plaintiff's request.

2. PROCESS—AGENT.
    The agent of the plaintiff does not come within the inhibition of the statute which precludes the plaintiff himself from serving the summons.
    Herrick, J., dissenting.

Appeal from Albany county court.

Action by John A. Loucks, as executor, etc., against William F. Hallenbeck and others.  From a judgment of the county court reversing a justice's judgment in favor of plaintiff, he appeals.  Reversed.

On the 11th day of October, 1898, the justice of the peace, at the request of Orison L. Hannay, issued a summons directed to the defendants.  The complaint was at that time filed with said justice, sworn to by the plaintiff before said Orison L. Hannay, a notary public.  Upon the summons and complaint, the justice made an indorsement deputizing O. L. Hannay to execute the within instrument.  The summons and complaint were served by the said Hannay upon the defendants, and his return duly made, and filed with the justice.  Upon the return day the defendants did not appear.  Hannay was sworn for the plaintiff, and swore, in substance, that he was agent of the plaintiff, and had possession of the note mentioned in the complaint; that he had talked with both defendants, and that both of them stated that the note was all right, and had promised to pay the same.  In the return of the justice, it was stated that the said Hannay was deputized to serve the summons at his own request.  The justice gave to the plaintiff the judgment asked for, and, upon appeal to the county court, the judgment was reversed.

Argued before PARKER, P. J., and HERRICK, MERWIN, SMITH, and KELLOGG, JJ.

Clute & McCormic, for appellant.

Martin A. Springsteed, for respondents.

SMITH, J. From the opinion handed down in the court below, we learn that this judgment was reversed upon the ground that no jurisdiction was obtained of the defendants by reason of the fact that Orison L. Hannay, who served the summons, was not deputized at the plaintiff's request. With this conclusion of the learned county judge we are unable to agree. Hannay was plaintiff's agent, had possession of the note, demanded its payment, and commenced the action which was afterwards prosecuted by the plaintiff's direction. From his evidence we think there fairly appears an authority to do what was usual in making such collection, both in the institution of the action and in the making of the request for a deputization of a party other than the constable to serve the summons. Thus authorized, his request was the request of the plaintiff.

It is contended, however, that if he represented the plaintiff to make the request, he must come within the inhibition of the statute which precludes the plaintiff himself from serving the summons. While the law authorizes a person to act through an agent, and thus become bound, the appointment of the plaintiff's agent as a proper person to serve the summons is not prohibited. While cogent reasons might be urged for extending the prohibition to the agent of the plaintiff by statute, such extension is not authorized to be made by the court.

That Hannay was adjudged by the justice a proper person to serve the summons may be fairly inferred from the fact of his designation. That he was of full age may be inferred from the fact of his acting as notary public. We are unable to find any sufficient ground for impeaching the judgment of the justice. The judgment of the county court, therefore, reversing the judgment of the justice's court, should be reversed.

Judgment of the county court reversed, and judgment of justice's court affirmed, with costs. All concur, except HERRICK, J., who dissents.