UNIVERSAL FILM EXCHANGES, INC., Plaintiff, *v.* "MARY" PERRIELLO, First Name "Mary" Fictitious, True First Name Unknown to Plaintiff, Defendant.

Supreme Court, Erie County, May 19, 1931.

*Herbert T. Silverberg*, for the plaintiff.

*William P. Borden*, for the defendant.

NOONAN, J. The plaintiff is a foreign corporation incorporated under the laws of the State of Delaware and the defendant is a resident of Naples, Ontario county, N. Y. The plaintiff is suing upon an alleged contract with the defendant to furnish her with moving picture films.

The defendant has served the proper demand for a change of the place of trial and now makes a motion for an order directing the change of the place of trial to the county of Ontario where the defendant resides. The plaintiff asked the court to entertain a counter motion to retain the place of trial in Erie county but the court deemed this unnecessary as the whole question could be disposed of upon the original motion made by the defendant.

The place of trial of a civil action is regulated by section 182 of the Civil Practice Act as follows: "An action in the Supreme Court not specified in the two following sections must be tried in the county in which one of the parties resided at the commencement thereof."

This cause of action is not one specified in sections 183 and 184 of the Civil Practice Act and, therefore, the proper place of trial is in the county of Ontario.

It will be observed that the language of section 182 quoted above is mandatory and the courts, in well-considered opinions, have uniformly held that it is a matter of right to have the place of trial changed to the county where one of the parties resides. (*Pond* v. *Cadwell, No. 1,* 206 App. Div. 623; *Culver* v. *Union National Bank of Troy,* 212 id. 766; *Peerless Motor Company* v. *Hambleton,* 219 id. 268; *Page Belting Company* v. *Joseph,* 131 Misc. 373; *Van Der Wiele* v. *Van Baalen,* 230 App. Div. 715.)

In the *Culver Case (supra)* it was expressly held that upon a motion to change the place of trial the court has no right to consider the convenience of witnesses, and that the motion to change the place of trial for the convenience of witnesses must be made after the action has been transferred to the proper county for trial.

Under the language of the statute and in accordance with all the decisions construing the same, the defendant has an absolute right to have the place of trial changed from the county of Erie to the county of Ontario, and an order to that effect may be entered, with ten dollars costs of motion.