Jacob J. Schwartzwald, J.
Defendant moves for an order directing that the venue and place of trial of this action be changed from the County of Kings to the County of Suffolk on the ground that none of the parties resided in Kings County and that both parties to the action were residents of the County of Suffolk at the time of the commencement of the action. The committee of the person and property of the incompetent was and is a resident of the County of Kings.
The committee was appointed as such by order of the Supreme Court at a Special Term thereof held in the County of Queens *82 “for the County of Suffolk ” and was subsequently granted permission by the same court to institute suit against the defendant. The action is brought to recover certain payments alleged to be due to the incompetent under the terms of a separation agreement made with the defendant, husband of the incompetent, prior to the plaintiff’s incompetency.
Section 182 of the Civil Practice Act provides that: “ An action in the supreme court * * * must be tried in the county in which one of the parties resided at the commencement [of the action].” This is mandatory (Universal Film Exchs. v. Perriello, 140 Misc. 177).
In order to find the proper venue and place of trial of this action it is necessary to determine whether or not the committee is considered a party to the action in the contemplation of section 182.
It has been held that “ the committee acts under its appointment as agent, officer or bailiff ” of the court (People ex rel. Smith v. Commissioners of Taxes, 100 N. Y. 215, 218). The incompetent “ is not divested of his estate or property rights, and the legal title thereto remains as before. Nothing has been taken from him but its control and management ”. The committee “ executes an important trust, but it is by virtue of a mere authority without any interest.” The “ trust is in the court ” (People ex rel. Smith v. Commissioners of Taxes, supra, p. 218).
In the foregoing case, the Court of Appeals had under review a statute which provided that “ every person shall be assessed in the town or ward where he resides, when the assessment is made, for all personal estate owned by him, including all personal estate in his possession or under his control as agent, trustee, executor or administrator, and in no case shall property so held under either of these trusts be assessed against any other persons ”. The court held that the proper person was. the incompetent and that the personal property of the incompetent was assessable only at the place of the incompetent’s residence and not in the county of the committee’s residence.
A committee is subject to the direction and control of the court by which he is appointed, with respect to the execution of his duties (Civ. Prac. Act, § 1377).
In an action brought by a guardian ad litem on behalf of infant plaintiffs, the Appellate Division in this department has held that infant plaintiffs are the party plaintiffs and not the guardian ad litem for the purpose of determining venue. “ For the purposes of section 182 of the Civil Practice Act, the resi *83 dence of the guardian ad litem does not control. He is not a party to the action within the meaning of that section ’ ’ (Levey v. United States Life Ins. Co., 259 App. Div. 909, motion for leave to appeal denied 262 App. Div. 711).
The committee in the instant case is simply the designated person to sue on behalf of the incompetent. He has no title to the property of the incompetent or to the subject matter of the cause of action. He is not a party to this action within the meaning of section 182. His residence does not control for the purpose of determining the venue and place of trial of this action.
There being no party to this action residing in the County of Kings at the time of the commencement of this action, the action must be removed to the County of Suffolk where both the plaintiff and defendant were and are residents, pursuant to the mandatory provision of section 182.
Motion granted. Submit order.