Henry J. Latham, J.
The defendant moves, pursuant to section 237-a of the Civil Practice Act, to vacate the service of process on the ground that such service was made by a party to the action — the plaintiff’s guardian ad litem.
The plaintiff, who will reach her majority on May 28, 1961, commenced this action for a separation on April 15, 1961, when her guardian ad litem personally served the summons and complaint upon the defendant. The question posed is whether a guardian ad litem by whom an infant plaintiff prosecutes an action is a party thereto within the meaning of the first sentence of section 220 of the Civil Practice Act — “ The summons may be served by any person of the age of eighteen years or over, other than a party to the action, except where it is otherwise specially prescribed by law. ”
Infancy does not incapacitate the infant from maintaining an action and such action cannot be deferred or delayed on account of infancy (Civ. Prae. Act, § 201). While “ an infant * * # party * * * must appear by a guardian ad litem *470 * * * appointed by the court ” (Civ. Prac. Act, § 202) this court is of the opinion that the real party to the record is the infant and not the guardian by whom he or she sues. As a general rule, the provisions of the Civil Practice Act when treating of parties to the action mean only the parties to the record, whether nominal parties, or the actual parties in interest. (See Outdoor Supply Co. v. Westhome Security Corp., 140 Misc. 48.)
Thus, for the purposes of venue, under section 182 of the Civil Practice Act the residence of a guardian ad litem does not control — ‘ ‘ He is not a party to the action within the meaning of that section ” (Levey v. United States Life Ins. Co., 259 App. Div. 909) nor is the committee of an incompetent a party within the meaning thereof (Mahan v. Wyman, 6 Misc 2d 81) nor is a guardian ad litem or a special guardian a party within the meaning of statutes providing for inspections and examinations before trial (Matter of Mars, 201 Misc. 329). In Segelken v. Meyer (94 N. Y. 473) objection was made that the action was improperly brought by the infant in his own name by his guardian ad litem and that it should have been brought by the general guardian of the infant in his own name as such general guardian. The court held, however (p. 480): “ We think that the action was well brought in the name of the infant by his guardian ad litem ”. The reason for this, as noted in Behlem v. Behlem (73 App. Div. 143,144) is that “ A guardian ad litem is not a party to an action; he simply represents the party ’ ’. (See, also, Moore v. Flagg, 137 App. Div. 338, 346.) In Murphy v. Village of Fort Edward (213 N. Y. 397) the Court of Appeals stated, at page 401: ‘ ‘ The infant is the real party although he sues by the guardian ad litem. * * * The guardian ad litem manages the suit for the infant and protects his interests, but is not, and the infant is, the real party to the action.”
In view of the foregoing, the statutory prohibition against a party to the action serving the summons does not extend to the party’s guardian ad litem. Just as a plaintiif’s agent instituting an action in the name of his principal may serve the summons (Loucks v. Hallenbeck, 48 App. Div. 426) so may a guardian ad litem who “ manages the suit for the infant and protects his interests
The defendant’s motion to vacate the service of process is accordingly denied with leave to answer the complaint on the merits within 10 days of the service of a copy of the order hereon with notice of entry thereof.