OPINION OF THE COURT
Anthony A. Scarping, Jr., J.
Respondents have made a motion to dismiss the petition on two grounds. First, that the petition was not actually signed by the petitioner, Phyllis P. Suderov. Second, that pursuant to RPAPL 735 (2) the petition and proof of service were not filed with the court within three days after service upon the respondents.
The facts of this case are as follows: Petitioner on Thursday, October 31, 1985, had personally served upon the parties the notice of petition and petition to recover possession of real property for nonpayment. The notice of petition was returnable Wednesday, November 6, 1985. The petitioner had served upon the court the required papers on Monday, November 4, 1985, at 9:19 a.m.
The petition in this case was not actually signed by the petitioner, Phyllis P. Suderov, in the location where the *340 signature is usually affixed. Rather, her name was typed "phyllis p. suderov, Court appointed receiver Petitioner.” Directly following this was a verification signed by her attorney, Standford A. Schwartz. The verification was as follows:
"STATE OF NEW YORK: COUNTY OF NASSAU "The undersigned attorney for petitioner, duly admitted to practice law in the State of New York, affirms under penalty of perjury that he has read the above petition and that its contents are true upon information and belief and the undersigned believes same to be true. That the undersigned obtained said information in conversations with a representative of petitioner. That the petitioner was unavailable at the time of the signing of the petition. Affirmed this 31 day of October, 1985.
"STANFORD A. SCHWARTZ
"Stanford A. Schwartz "Attorney for Petitioner "1975 Hempstead Tpke.
"East Meadow, New York 11554.”
The court is not aware of any statutory requirements in RPAPL 741 requiring a petitioner to sign the petition. The RPAPL only requires a verification and specifically allows an attorney to make said verification on information and belief notwithstanding the fact that such person is in the county where the attorney has his office.
CPLR 402 requires that a petition must comply with the general requirements of a complaint. CPLR articles 4, 21 and 30 have no such signature requirement. The only requirement of which the court is aware is that as to verification.
In summary proceedings, verification is controlled by CPLR 3020 (d), 3021 and RPAPL 741. No attack has been made on the verification in this instance and accordingly no decision concerning the sufficiency of the verification is made.
As to the portion of respondent’s motion attacking petitioner’s filing of the papers upon the court, although three days did elapse from service upon the parties (Oct. 31, 1985) and receipt by the court (Nov. 4, 1985), the final day for filing fell on Sunday, November 3, 1985.
General Construction Law § 25-a extends the term for the doing of an act when the period of time for doing that act ends on a Saturday, Sunday or legal holiday. Thus, the filing *341 of the papers with the court did occur within the time fixed by RPAPL 735 (2) (Metropolitan Transp. Auth. v Terminal Drago Shine Stands, 119 Misc 2d 10).
Accordingly, the motion to dismiss is denied.