OPINION OF THE COURT
Anthony J. Gigliotti, J.
A summary proceeding alleging nonpayment of rent was commenced by the service of a notice of petition and petition, wherein the caption named Carl D. Cook, Jr., as "Petitioner (Landlord)”. In the first sentence of the petition a Howard W. Gill was referred to as "owner and landlord”. Said Howard W. Gill is referred to in paragraph No. "1” of the petition as "the agent of the petitioner”. The petition is executed and verified by the same Howard W. Gill. Finally, the petition identified another individual as petitioner’s attorney.
The respondents’ attorney made a limited appearance and moved to dismiss the petition on the grounds that it was not *1092 verified by a person authorized to commence a summary proceeding by RPAPL 721.
Petitioner’s attorney argued that Howard W. Gill was the duly authorized agent of the petitioner, had personal knowledge of the facts therein, and was prepared to testify to the facts.
Laws of 1977 (ch 247) repealed RPAPL 721 (8), removing legal representatives, attorneys, agents and assignees from the category of persons eligible to commence summary proceedings. RPAPL 741 requires verification of petitions by persons authorized to commence summary proceedings by section 721 of said law.
It has been held that a petition verified by a person not authorized by RPAPL 721 to commence a summary proceeding is fatally defective and confers no jurisdiction on the court. (1550 Broadway Assocs. v El-Pine Drinks, 96 Misc 2d 707 [1978].)
In the present case an agent has verified the petition of an individual petitioner. The clear meaning of the statute, in view of amendments made in 1977, is that agents such as Mr. Gill, may not verify petitions in summary proceedings.
The petition is, therefore, jurisdictionally defective and is, therefore, dismissed.