*682 OPINION OF THE COURT
Richard S. Lane, J.
The United States Bankruptcy Act is raised as a barrier to this otherwise common garden variety nonpayment summary proceeding.
Petitioner brought on this proceeding solely against respondent prime tenant without naming sublessee, Barcelona Internacional, Inc. as an additional party respondent. The sublease was entered into with petitioner’s consent but sublessee did not attorn directly to petitioner. Sublessee filed in bankruptcy prior to the commencement of this proceeding.
Respondent moves to dismiss asserting that a judgment herein would affect sublessee’s possessory estate and is thus subject to the automatic stay in 11 USC § 362. Actually respondent attacks not the notice of petition and petition on this ground but rather the three-day notice served prior thereto. It claims that the consequential invalidity of the three-day notice renders the petition jurisdictionally defective, citing Lana Estates v National Energy Reduction (123 Misc 2d 324). Respondent and my Queens colleague are equally in error. A quick glance at RPAPL 711 (2) reveals that a three-day notice is not a jurisdictional prerequisite but merely an alternative method of proving demand for rent. Its invalidity would not doom the petition. Respondent’s invocation of the Bankruptcy Act as a bar, however, applies equally to the notice of petition and petition itself, and has to be met.
Initially, it would appear that respondent in correct. Although it is true, as argued by petitioner, that a subtenant is not a necessary party to a summary proceeding against a prime tenant (1, 2 Rasch, New York Landlord and Tenant— Summary Proceedings §§ 9:65, 38:31 [3d ed]), nevertheless the fall of a prime lease destroys the sublease (34 NY Jur, Landlord and Tenant, § 270; In re 48th St. Steakhouse, 835 F2d 427 [2d Cir 1987]). The subtenant is immediately without any defense against eviction.
The Steakhouse case (supra) should not be applied, argues petitioner, because it involves a holdover rather than a nonpayment proceeding. This argument would have weight if petitioner had instituted a plenary action for arrears in rent. It chose, however, a summary proceeding in which its judgment would include possession as well as a monetary award.
Nor are In re Comcoach Corp. (698 F2d 571 [2d Cir 1983]) *683 and In re Juneau’s Bldrs. Center (57 Bankr 254 [MD La 1986]) cited by petitioner to the contrary. Both cases concern a mortgagee seeking to foreclose on mortgaged premises, the lessee of which is in bankruptcy. If mortgagee prevails, its interest would still be subject to the bankrupt’s unaffected possessory estate pursuant to lease.
The trouble with respondent’s position, however, is that, however legally unassailable, it is pragmatically untenable. Respondent itself successfully applied to the Bankruptcy Court in the Southern District of New York to lift the very stay it now seeks to enforce against petitioner, and followed by obtaining on April 29, 1988 a default judgment for possession in its own nonpayment proceeding against Barcelona (L&T index No. 70295/88). Having itself terminated the bankrupt’s possessory estate, respondent is now seeking to use the section 362 automatic stay, not to shield the bankrupt, but rather to delay its own independent obligation to petitioner.
The cross motion by petitioner seeks to amend the petition to include rent and additional rent accruing to date and for partial summary judgment severing only his claim for attorney fees. The cross motion is not controverted factually, but the answer raises a few procedural problems.
Respondent asserts that the petition is defective by virtue of the absence of petitioner’s signature. Respondent is in error. The petition must be verified, but nothing in the Real Property Actions and Proceedings Law nor the Civil Practice Law and Rules requires that it be signed. (Suderov v Robyn Indus., 130 Misc 2d 339.)
Respondent also asserts that the verification is defective by virtue of the absence of a statement of the reason why it is not made by petitioner in accordance with CPLR 3021. Perhaps technically the verification should incorporate a reference to RPAPL 741 authorizing verification by attorney. It is, however, at most an amendable irregularity which may be disregarded (Berkley Assocs. v Jordan, NYLJ, Feb. 1, 1980, at 5, col 1 [App Term, 1st Dept]; City of New York v Brown, 119 Misc 2d 1054). To the extent that S.P.S.G., Inc. v Collado (113 Misc 2d 167) is to the contrary, I decline to follow it.
Respondent’s motion to dismiss is denied and petitioner’s cross motion to amend and for partial summary judgment is granted.