OPINION OF THE COURT
Memorandum.
Order affirmed without costs.
*211 A nonpayment proceeding was commenced against tenants. After their default was vacated and the matter set down for trial, tenants obtained counsel, appeared before the court and stipulated in open court to a judgment of possession for the petitioner and to a judgment against them. Shortly thereafter, with the aid of new counsel, tenants moved to vacate the stipulation on the grounds that they did not owe the money set forth in the stipulation and on the ground that petitioner lacked the standing to commence this proceeding since he was not the owner of the premises. Petitioner set forth in opposition that he was the attorney-in-fact for the owner, having had a power of attorney since 1985 to conduct this type of business for the owner. The court denied the motion, holding that tenants had failed to set forth sufficient grounds for the vacatur of the stipulation.
While agreeing with the conclusion of the court below, we are constrained to note that a person holding a power of attorney is merely an agent of the owner and, since 1977, such person may not maintain a summary proceeding in his own behalf (see, William Manor Assocs. v Gregory, NYLJ, May 4, 1988, at 13, col 2 [App Term, 9th & 10th Jud Dists]). To the extent that the case of Rosenberg v Suares (105 Misc 2d 611) is to the contrary, we have chosen not to follow it (see, 2 NY Jur 2d, Agency, §§ 61-62). The petition in the case at bar is clearly defective since it is brought in the name of the petitioner, who was the attorney-in-fact for the owner of the premises. However, having stipulated to judgment in the court below, it is the opinion of this court that the defect herein is not one of subject matter and therefore it was waived by the tenants, who were acting with the advice of counsel (see, Woodlaurel, Inc. v Wittman, 163 AD2d 383 [2d Dept]). In Woodlaurel (at 384), the court affirmed an order of this court denying a motion to vacate a default judgment and affirmed this court’s conclusion that a proceeding commenced in the wrong name did not "implicate subject matter jurisdiction”. We are also of the opinion, that tenants, not having vacated the premises would be estopped from challenging the right or title of the petitioner to maintain this proceeding (see, City of New York v Shawn Dev. Corp., NYLJ, June 28, 1990, at 28, col 6 [App Term, 2d & 11th Jud Dists]).
DiPaola, P. J., Stark and Ingrassia, JJ., concur.