OPINION OF THE COURT
Joel B. Gewanter, J.
This court is presented with an unusual issue for which the court has been unable to find any precedent, thus resulting in a matter of apparent first impression.
The issue arises upon a motion to dismiss the petition on several grounds, including: (a) the papers were served by the “agent” for the “petitioner/landlord”, who acted as a second or additional signatory on the petition, so that the respondent claims invalid service by a “party”; and (b) that the premises are not properly described per RPAJPL 741 (4). The underlying facts do not appear to be in dispute, as to the procedures followed herein.
*96 The caption in this nonpayment summary proceeding shows (as above) Joan Eisenhauer to be the owner and landlord and the petitioner herein. Within the body of the petition, it is stated: “1. The undersigned is landlord/petitioner, and the Agent of the Petitioner” and contains the signatures (two) of both said Joan Eisenhauer and “Wesley E. Martin, as Agent” on both the petition and the verification thereof. In such verification, the boxes for both “petitioner” and for “agent of petitioner” are checked and these are notarized. The notice of petition is issued by the clerk of the court and, on the line where an attorney would usually sign, both said individuals signed, below which is typed: “Joan Eisenhauer, by Wesley E. Martin, as Agent.” The affidavit of service of the said petition and notice of petition is signed “Wesley E. Martin”, with no other characterization as to capacity, as the person who effectuated service thereof.
Respondent’s motion alleges that by signing the petition and notice of petition, said Wesley E. Martin made himself a “party” to the proceeding and, argues respondent, could not legally serve same, and that such service by a “party” is jurisdiction-ally defective.
As additional grounds for dismissal, respondent argues that the description of the premises sought to be recovered is not adequate and violates the provisions of RPAPL 711 (3). While there is some minor variation between the language used in the petition compared to the notice of petition, this court is of the opinion that the premises is adequately described and conforms to the statute.
Further, respondent argues that the signature of petitioner on a rent receipt, a copy of which is annexed to the moving papers, “does not match the signature” on the petition, as a result of which the respondent believes petitioner did not sign the petition. The affidavit in opposition by petitioner directly refutes this allegation and respondent’s assumption is far from adequate. In point of fact, the petition and verification thereof are signed by two persons, with obviously distinct signatures. Petitioner argues, in her opposition papers, that the undersigned ruled on such question of signatures in open court on July 30, 1998, and that the said ruling is res judicata.
This court has reviewed the minutes of said July 30, 1998 and, clearly, no such ruling was made. Defense counsel had raised the question stating that, in his opinion, petitioner had not personally signed, whereupon the court asked Ms. Eisenhauer if the signatures on the petition and notice of petition *97 were hers. When she answered in the affirmative, the undersigned merely indicated to respondent’s counsel that if he were so inclined, he could make a motion — which he has obviously done.
The remaining issue, as stated hereinabove, involves the service of process by petitioner’s “agent” and whether, by adding his signature to the petition and/or notice of petition, such “agent” made himself a party to the proceedings.
Prior to a 1977 amendment to RPAPL 721 (L 1977, ch 247), an attorney and/or an agent could bring a summary proceeding on behalf of his client or principal. Said amendment deleted that authority. (See, Cook v Escabar, 134 Misc 2d 1091 [1987].) Distinctions have since been recognized by the courts when the proceedings are brought by a duly authorized attorney-in-fact (Rosenberg v Suares, 105 Misc 2d 611 [Civ Ct, NY County 1980], cited by the Appellate Term in Cortazzo v Reynolds, 149 Misc 2d 210, 211), and by the guardian ad litem for an infant plaintiff (Donnelly v Donnelly, 29 Misc 2d 469).
Concerning the signing of a petition, there is no requirement in RPAPL 741 that there be any signature on the petition itself, only that same be verified (see also, Suderov v Robyn Indus., 130 Misc 2d 339; Cucinotta v Saljon Enters., 140 Misc 2d 681). In the case at bar, this court is satisfied that the petitioner did, in fact, sign the petition, its verification and the notice of petition thereby also complying with the recently enacted requirements of Rules of the Chief Administrator of the Courts (22 NYCRR) § 130-1. la. In the opinion of this court, the additional or second signature by the “agent” is superfluous and unnecessary. If the “agent” had signed alone, clearly the petition would be jurisdictionally defective under the 1977 amendment to RPAPL 721. Accordingly, it is this court’s conclusion that by his merely adding his signature to the legally sufficient pleadings, the said “agent” did not make himself a “party” to the proceedings, which such term had been defined in Black’s Law Dictionary (at 1278 [4th ed]) as: “ ‘Party’ is a technical word, and has a precise meaning in legal parlance. By it is understood he or they by or against whom a suit is brought, whether in law or equity; the party plaintiff or defendant, whether composed of one or more individuals, and whether natural or legal persons, (they are parties in the writ, and parties on the record;) and all others who may be affected by the suit, indirectly or consequentially, are persons interested, but not parties. Merchants’ Bank v. Cook, 4 Pick. 405.”
It is well settled that a party to a proceeding may not serve process (CPLR 2103 [a]; Matter of Wein v Thomas, 78 AD2d *98 611 [1st Dept 1980], affd 51 NY2d 862; Miller v Bank of N. Y., 226 AD2d 507 [2d Dept 1996]). Regarding the ability of an “agent” to serve process in an action commenced by his principal, such procedure was held to be legally proper as early as 1900 by the Appellate Division, Third Department, in Loucks v Hallenbeck (48 App Div 426) and which decision was more recently cited by Special Term at Supreme Court, Queens County, in Donnelly v Donnelly (29 Misc 2d 469, supra). In an analogous situation, a corporate officer (president) of a corporate plaintiff having served a summons has been held to be a valid service (Grid Realty Corp. v Gialousakis, 129 AD2d 768 [2d Dept 1987], citing Outdoor Supply Co. v Westhome Sec. Corp., 140 Misc 48).
Accordingly, respondent’s motion is denied in all respects. The parties and counsel are hereby directed to appear for trial of this summary proceeding in Fourth District Court, Hicks-ville Part, 87 Bethpage Road, Hicksville, New York, on Tuesday, September 15, 1998, at 9:30 a.m.