Beardsley v. Sherman.

---

MARGARET E. BEARDSLEY v. BENJAMIN SHERMAN.

In an action by a tenant to recover damages for the unlawful removal of fixtures during his possession of the premises, proof of a demand is unnecessary. And a judgment rendered for the defendant in such an action, on the ground that no demand for the possession of the fixtures had been shown, will be reversed.

APPEAL by the plaintiff from the judgment of a District Court.

The action was brought to recover damages for wrongfully taking and detaining certain gas fixtures, belonging to the plaintiff, and attached to the house No 315 West 16th Street, New York City, of which she was the occupant.

The premises were sold by the owner in January, 1862, and possession given to the purchaser about the first day of March following, but it did not appear clearly when possession was surrendered by the plaintiff.

Judgment was rendered for the defendant.

*David McAdam*, for appellant.
*William B. Rankin*, for respondent.

BY THE COURT.—BRADY, J.—When the term of the plaintiff expired does not appear, but it seems from her evidence, though on that subject it is in conflict with the

* See subsequent appeal in the same case, *post.*

defendant's testimony, she had not yielded possession when the fixtures were taken away. The Justice, ignoring the question presented on these facts, decided in favor of the defendant, on the ground that no demand had been made of him for the fixtures. This question was not in issue and was immaterial. The rule in reference to the right of the tenant to remove fixtures, and which necessarily formed the basis of the investigation in this case, has been stated to be that things annexed to the freehold, if movable at all, must be moved before the expiration of the tenancy, (Poole's case, 1 Salk. 368: *Lyde* v. *Russell*, 1 Barn. & Ald., 394; *Marshall* v. *Lloyd*, 2 Mees. & Wels., 450; *Ex parte* Quincy, 1 Atk., 477; *Lee* v. *Risdon*, 7 Taunton, 191; *Colgrave* v. *Dias Santos*, 2 Barn. & Cress., 76; *Reynolds* v. *Shuler* 5 Cow. 323;) and it is founded on the supposed abandonment of the fixtures, when left on the premises, (Lord Kenyon in *Penton* v. *Robart*, 2 East, 88; Amos & Ferard on Fixtures, 87;) or that they become a gift in law to him in reversion, and are not removable (per Holt in 1 Salk. 368, *supra*.)

The rule, however, is not as broadly stated in England or in this State. The tenant may remove the fixtures after the term has expired, and during his possession (*Penton* v. *Robart*, *supra* ; *Weston* v. *Woodcock*, 7 Mees. & Wels. 14; *Dubois* v. *Kelly*, 10 Barb. 496; *Holmes* v. *Tremper*, 20 Johns. Rep., 29,) and if he enters after the expiration of his term to remove fixtures owned by him, is only a trespasser as to the entry (Lord Kenyon in *Penton* v. *Robart*, *supra* ; *Holmes* v. *Tremper*, *supra*.) It is very clear from these authorities that the decision of the Justice was founded upon an immaterial issue.

The question on the evidence was whether the defendant took the fixtures during the possession by the plaintiff. If he did, then he was liable in damages. The right of the plaintiff to remove during possession cannot well be doubted, and the violation of that right must subject the wrongdoer to an action. If the fixtures had been removed by the defendant after the plaintiff's abandonment of them by yielding possession, such removal could not, on the authorities, be regarded as a tortious taking, though the detention might be held to be unlawful. In the latter case, a demand would be necessary, and perhaps a serious

question might arise as to the right of the plaintiff to maintain an action of trover to recover their value. The Justice seems to have regarded a demand necessary in any event, for upon its absence from the plaintiff's evidence he found against her. The finding is the more objectionable for the reason that the defendant made no motion for a dismissal of complaint on the ground referred to or called upon the plaintiff to make the proof omitted. I think the judgment should be reversed.

Judgment reversed.