ANDREW L. IRELAND, Appellant, v. WILLIAM H. NICHOLS, Respondent.

A lease contained a covenant upon the part of the tenant, not to sublet without the written consent of the landlord, under penalty of forfeiture, etc. The tenant sublet with the knowledge of the landlord, who subsequently received the rent.

*Held*, that this was a waiver of the forfeiture, and the right of the landlord founded upon the subletting, or the occupancy thereunder, was gone.

(Argued September 13th, 1871; decided November 10th, 1871.)

APPEAL from a judgment of the General Term of the city of New York, entered upon order denying motion for new trial, and directing judgment for defendant on verdict in his favor.

The action is to recover possession of a house and lot leased by the plaintiff to the defendant Nichols.

The plaintiff, through his agent, John B. Ireland, executed a lease to defendant Nichols, of the premises in question, situate on Eight avenue, in the city of New York, for seven years from May 1st, 1861. The lease contained a covenant, that the lessee would not let nor underlet the whole or a part of the premises, without the written consent of the lessor, under penalty of forfeiture and damage. The rent was payable monthly, in advance. The lessee did, on the 1st day of May, 1868, underlet a part of the premises without the written permission of the lessor.

The lessor's agent knew of this underletting immediately after it was made, and with full knowledge and notice of such underletting, the lessor received rent for said premises from the lessee, from month to month after the 1st day of May, 1868, and up to November 1st, 1868. The tenant who went in on the subletting in May, remained in possession up to the time of the commencement of this action. The action was commenced November 9th, 1868.

On the trial a verdict was ordered for the defendant, and the plaintiff's exceptions directed to be heard at the General Term in the first instance. The General Term overruled the exceptions and ordered judgment for the defendant on the verdict.

*J. D. Warren* for appellant. After lease was forfeited, the *onus* was on defendant to show waiver (*Lawrence* v. *Williams*, 1 Duer, 585), and plaintiff entitled to the most favorable interpretation of evidence. (*Cook* v. *N. Y. C. R. R. Co.*, 3 Keyes, 476.) Knowledge of agent insufficient to waive the conditions of lease. (*Greyson* v. *Harrison*, 2 D. & E., 425; 1 Smith's Lead. Cases, 88; *Bleeker* v. *Smith*, 13

Wend., 536.) Occupancy under subletting is a continuing forfeiture. (*Dumpor's Case*, 1 Smith's Lead. Cases, 91; *Brown* v. *C. and S. R. R. Co.*, 2 Kern., 492.) Receipts of rent only waiver up to time to which rent is paid. (*Jackson* v. *Allen*, 3 Cowen, 221; *Bleeker* v. *Smith*, 13 Wend., 532; *Stewart* v. *Hunter*, 4 Sand. Ch., 591; *Ambler* v. *Woodbridge*, 17 E. C. L. R., 399; *Fowler* v. *Peck*, 20 E. C. L. R., 417; *Newton* v. *Gladwin*, 51 E. C. L. R., 953; Tyler on Ejectment, 314; Taylor's Landlord and Tenant, § 500; *Manice* v. *Millen*, 26 Barb., 44.) Waiver is question of intent, and should have been submitted to the jury. (*Jones* v. *Carter*, 15 M. & W., 718; *Doe* v. *Meaux*, 1 Car. & P., 346; *Menice* v. *Miller*, 26 Barb., 41; *I. and Traders' Bank* v. *Christie*, Rob. 5, 169.)

*D. F. Walden*, for respondent. If landlord, with knowledge of forfeiture, recognizes the tenancy, he waives the forfeiture. (1 Parsons on Con., 5th ed., 506; 2 Platt on Leases, 471; 1 Wm. Saund., 287, 288; 1 Wash on Real Pro., 454.) Acceptance of rent after forfeiture is waiver. (1 Wm. Saund., 287, 288; *Doe* v. *Bliss*, 4 Tant., 735; *Bleecker* v. *Smith*, 13 Wend., 530, 533, 534; *Croft* v. *Lumley*, Ellis B. & Ellis, 1069; S. C., 6 House of Lords Cases, 672; S. C., 5 Ellis & B., 648; *Dendy* v. *Nicholl*, 4 C. B., N. S., 376, 387, and cases cited, Am. ed.; COCKBURN, C. J., *Perry* v. *Davis*, 3 id., 773; *Croft* v. *Lumley*, Ellis B. & E., 1069; 6 House of Lords Cases, 672.) Occupancy under subletting not a continuing forfeiture. (*McKildoe* v. *Darricott*, 13 Grattan, 278.) Notice to agent was notice to plaintiff. (*Bank of U. S.* v. *Davis*, 2 Hill, 451; *Sutton* v. *Dillaye*, 3 Barb., 529; *Weaver* v. *Denison*, 10 N. Y., 68; *Wilson* v. *Genesee Mut. Ins. Co.*, 14 id., 418; *McEowen* v. *Montgomery Co. Mut. Ins. Co.*, 5 Hill, 101.)

GROVER, J. The only ground upon which a recovery of the demised premises was claimed, set out in the complaint, was a forfeiture of the lease incurred by the defendant

Nicholls, by subletting a portion of the premises, without the consent, in writing, of the plaintiff, as required by the lease. The answer admitted that the forfeiture had been incurred, and set up a waiver thereof by the plaintiff. The only question upon the trial was, whether the forfeiture had been waived. The defendant, Nicholls, testified that he underlet the premises in May, 1868. That "Mr. John B. Ireland, who was plaintiff's agent of the premises, knew it at the time. He is the same person who signed the lease. I told him I was going to underlet the premises. I told him afterwards that I had done it. I afterwards paid him the rent up to the 1st day of October, 1868, and received from him the following receipts:" Receipts were introduced, showing payment of all rent up to November 1st, 1868, to John B. Ireland. It was agreed by the parties that the persons to whom the premises were sublet in May, 1868, continued in possession under such letting until after the commencement of the action, November 9th, 1868. The evidence authorized the judge to assume, that John B. Ireland was the general agent of the plaintiff, in respect to the leasing and care of the premises, and collecting the rents. His knowledge of the subletting, and the receipt by him of rent, subsequently accruing with such knowledge, had the same effect in waiving the forfeiture as such receipt by the plaintiff personally, with like knowledge, would have had. Any act done by a landlord, knowing of a cause of forfeiture by his tenant, affirming the existence of the lease, and recognizing the lessee as his tenant, is a waiver of such forfeiture. (1 William Saunders, 287; 2 Platt on Leases, 471; 1 Wash. on Real Property, 454.) ·The receipt of rent subsequently accruing from the tenant by the landlord is such an act, and the forfeiture thereby waived. (*Bleecker* v. *Smith*, 13 Wend., 530; *Jackson* v. *Allen*, 3 Cow., 220; and authorities cited by SUTHERLAND, J., 230.) The counsel for the appellant concedes, that such is the law, but insists, that as rent was only received up to November 1st, 1868, and the action not commenced until after that time, he is still entitled to recover for the reason, that the occupancy,

under the subletting, continued until the commencement of the action; and that there was a continuing cause of forfeiture, so long as the occupancy under the subletting continued. The error of the counsel's position, is in regarding the subletting as continuous. That was a distinct act occurring in May; and when the sub-lessees entered into possession under it the forfeiture was complete, had the plaintiff elected to enforce it. But he waived it, as we have seen, by receiving rent subsequently accruing, with knowledge of the forfeiture. The subtenants, by their contract with the lessee, Nicholls, acquired the right of possession for the term fixed by the contract as against him, and their right was defeasible only by the plaintiff's proceeding to enforce the forfeiture. When the plaintiff waived this right by the receipt of rent, the right founded upon the subletting or the occupancy, in pursuance thereof, was gone. It is true, that the condition not to sublet was continuous, and had Nicholls made a new contract for subletting any portion of the premises, a forfeiture would thereby have been incurred, which the plaintiff would have been at liberty to enforce. But no such new contract has been made. The case expressly shows, that the possession of the subtenants was in pursuance of the contract made in May. The forfeiture incurred by this contract having been waived by the plaintiff, was not revived by the subsequent possession of the subtenants in pursuance thereof. There was no suggestion of a right of recovery either in the complaint or at the trial, for the failure to pay the rent for the month of November, in advance, pursuant to the lease. Had such claim been made, for aught that appears, it would have been shown that such rent had been paid, in advance, as required by the lease. It was too late to raise the question upon the hearing of the exceptions by the General Term. The judge, upon the uncontroverted testimony, was right in directing a verdict for the defendant; and the judgment rendered in his favor thereon must be affirmed.

All concur.

Judgment affirmed.