WILLIAM F. MacGLASHAN and HARRY S. LEWIS, Respondents,
v. GEORGE H. MARVIN, Appellant.

Fourth Department, November 20, 1918.

Landlord and tenant — when landlord estopped from denying
sufficiency of oral waiver of provision in written lease against
subletting — attornment — breach of covenant for quiet enjoy-
ment — dispossession without issue of warrant — liability of
landlord for conversion of tenants' office building without proof
of demand for possession — when building not so attached to
land as to be part of realty as between landlord and tenant.

Where tenants of real property, under a written lease, having the option
either to permit their tenancy to expire or by giving notice to renew for
another year, and having moved their business or most of it elsewhere
and also having an office building on the premises which they claimed
the right to remove, on the faith of their landlord's oral waiver of a pro-
vision of the lease against subletting without his written consent, gave
notice, renewed the lease for another year, arranged to sublet the premises
and incurred expense in repairing and improving their office building for
the use of the subtenant, the landlord is estopped to question the sufficiency
of his oral waiver, especially since he proceeded to avail himself of his
tenants' efforts in securing a subtenant and himself collected the year's
rent.

The fact that the landlord subsequently elected to terminate the lease to
plaintiffs on the ground that the subletting was a breach of the condition
of the lease and brought a summary proceeding for the removal of the
tenants and their subtenant, and procured the latter to attorn and pay
rent, thereby securing possession and ousting the tenants, constituted
a breach of the covenant for quiet enjoyment implied in the lease entitling
the plaintiffs to damages, although no warrant was issued to put the
landlord in possession or to evict his tenants.

The landlord by procuring the subtenant to attorn to him in effect evicted
his tenants and thereby took possession of the tenants' office building
and leased it, with his own property to the subtenant, rendering him
liable to his tenants for conversion of the building, although there was
no proof of demand by them for possession.

Said office building was not so attached to the land as to make it a part
of the realty as between landlord and tenant.

APPEAL by the defendant, George H. Marvin, from a
judgment of the Supreme Court in favor of the plaintiffs,
entered in the office of the clerk of the county of Erie on the
28th day of November, 1917, upon the verdict of a jury, and
also from an order entered in said clerk's office on the same

day denying defendant's motion for a new trial made upon the minutes.

*Shire & Jellinek* [*Vernon Cole* of counsel], for the appellant.

*Moot, Sprague, Brownell & Marcy* [*Helen Z. M. Rodgers* of counsel], for the respondents.

Foote, J.:

In March, 1911, plaintiffs were tenants in possession of defendant's real property on Perry street in Buffalo under a written lease made in 1906, and extended in 1909, whereby plaintiffs were entitled to occupy the premises until May 1, 1911, and to renew the lease for another year by giving thirty days' previous notice of their intention so to do and likewise to renew the lease for another year from May 1, 1912, in like manner. The rental was fifty dollars per month and the lease contained a provision against subletting without the written consent of the landlord, for breach of which the landlord could reenter on three days' notice and terminate the lease if he elected so to do.

Plaintiffs claim, and the jury have found upon sufficient evidence, that in March, 1911, defendant, at plaintiffs' request, orally consented that plaintiffs might sublet. This plaintiffs undertook to do. They made an agreement with Armour & Co. to sublet to that company from April 1, 1911, to May 1, 1912, at a rental of $110 per month. A written lease was prepared and signed by plaintiffs and sent to Chicago for signature by Armour & Co., but for reasons presently to be stated was not signed by that company. In anticipation that this lease would be duly executed, Armour & Co., with plaintiffs' consent, entered into possession a few days before April first. Defendant, upon learning of the lease to Armour & Co. and on April first served upon plaintiffs a written notice electing to terminate the lease to plaintiffs three days thereafter on the ground that such subletting was a breach of the condition of the lease. Plaintiffs were then out of possession. Armour & Co. were in possession and remained in possession but did not sign the lease, waiting apparently for some settlement of the question as to which of the parties they should recognize as landlord.

On August thirty-first defendant Marvin instituted in Erie County Court a summary proceeding for the removal of plaintiffs and Armour & Co. on the theory that the lease to plaintiffs had been terminated by the notice of April first. Plaintiffs answered and defended, while Armour & Co. did not, and on September 25, 1911, after a trial, a final order was made awarding possession to Marvin. On April 14, 1913, the present plaintiffs appealed from said final order to this court, where in January, 1914, said order was reversed and the proceeding dismissed. (*Matter of Marvin*, 161 App. Div. 908.) Marvin appealed to the Court of Appeals where on April 21, 1914, his appeal was dismissed. (*Matter of Marvin*, 211 N. Y. 531.)

In March, 1915, plaintiffs began this action to recover their damages for being dispossessed and deprived of the benefit of the subletting to Armour & Co. and of an office building they had on the premises. It was admitted on the trial that Armour & Co. had paid to the defendant the rent of $110 per month from May 1, 1911, to May, 1912. The jury has found for plaintiffs $60 per month for twelve months as the value of their unexpired term under the lease and $500 as the value of the office building, which with $258.70 interest makes the amount of the verdict $1,478.70.

The grounds urged for reversal are:

1. That there could be no oral waiver of the provision against subletting.

The oral waiver was made in March. At this time plaintiffs were in a position where they had the option either to permit their tenancy to expire on the first of the following May, or by giving thirty days' notice prior to May first, to renew for another year. They had already moved their business, or most of it, elsewhere, but they had an office building on the premises which they had purchased from a former tenant which they claimed the right to remove. On the faith of defendant's oral waiver and consent they gave the notice and renewed the lease for another year and entered into an arrangement with Armour & Co. to sublet and to incur considerable expense in repairing and improving their office building which Armour & Co. were to use.

Under these circumstances I think defendant should be

estopped to question the sufficiency of his oral waiver. He did not, in fact, have any objection to Armour & Co. occupying his premises for he . proceeded to avail himself of plaintiffs' efforts in securing that company as a tenant and himself collected the year's rent from them at the increased rate. He did not dispossess Armour & Co., though he was in a position to do so in the summary proceedings to which he had made that company a party.

The authorities are that defendant is estopped to deny the sufficiency of his oral waiver. (*Ireland* v. *Nichols*, 46 N. Y. 413; *Bishop* v. *Agricultural Ins. Co.*, 130 id. 488; *Dunn* v. *Steubing*, 120 id. 232; *Toplitz* v. *Bauer*, 161 id. 325; *Horton* v. *N. Y. C. & H. R. R. R. Co.*, 12 Abb. N. C. 30; affd., 102 N. Y. 697.)

2. That the judgment cannot be sustained because there was no proof that . plaintiffs were dispossessed or evicted.

It is true the proof does not show that any warrant was issued to put defendant in possession or to evict plaintiffs. At the time of the summary proceedings plaintiffs were not in occupation of the premises, except through their subtenants, Armour & Co. Defendant procured that company to attorn to him and pay him the rent, thereby securing possession and ousting plaintiffs as effectually as he could by a warrant. This was a breach of the covenant for quiet enjoyment implied in the lease entitling plaintiffs to the same measure of damages as if dispossessed by warrant. (*Trull* v. *Granger*, 8 N. Y. 115; *Mack* v. *Patchin*, 42 id. 167.)

3. That there was no conversion by defendant of plaintiffs' office building, or proof of its value sufficient to support the verdict for $500 on that account, and it had become a fixture and so part of the realty.

The claim is that there was no conversion because there was no proof of a demand by plaintiffs for its possession. We think no demand was necessary under the circumstances. In effect defendant evicted plaintiffs when he procured their tenant Armour & Co. to attorn to him. He thereby in legal effect took possession of plaintiffs' building and leased it with his own property to Armour & Co., receiving rent for it for a year. This was such an appropriation of the building as to constitute a conversion. (*Eten* v. *Luyster*, 60 N. Y. 252;

*Bahr* v. *Boley,* 50 App. Div. 577; *Simon* v. *Simon,* 38 id. 85; *Boyce* v. *Brockway,* 31 N. Y. 490; *Beardsley* v. *Sherman,* 1 Daly, 325.)

There was sufficient evidence that the office building was plaintiffs' property and that it was not so attached to the land as to make it a part of the realty as between landlord and tenant. It appeared that plaintiffs paid a former tenant $225 for the building and expended $225 for new doors and windows, and that they expended considerable sums in installing plumbing, electric wiring and steam heating fixtures, and there was evidence that the value of the building was $1,000 to $1,100. I think the finding of the jury of a value of $500 has sufficient support in the evidence.

We think defendant has no just ground to complain of the recovery below, and that the judgment and order should be affirmed, with costs.

All concurred.

Judgment and order affirmed, with costs.