1130 PRESIDENT ST. CORP., Plaintiff, *v.* BOLTON REALTY CORPORATION, Defendant.

Supreme Court, Special Term, New York County, March 14, 1950.

*G. J. Rudnick* for plaintiff.

*Millard Theodore* for defendant.

EDER, J. Motion is denied. The decree directs specific performance, that the defendant, as landlord, execute and deliver a lease to plaintiff, as tenant, to the entire building in question upon the terms stated in the first decretal paragraph of the decree. The plaintiff was tendered a lease by defendant which was unsatisfactory in some respects as to paragraphs 6, 14 and 15. Plaintiff now states it will waive its objections thereto and accept those paragraphs as demanded by the defendant, but

that there is one provision to which it will not agree, and to the inclusion of which the defendant insists, namely, that defendant insists that the lease contain a clause prohibiting assignment and subletting without the landlord's consent.

The plaintiff's position is that the decree does not require it to take a lease with such a clause in it, and that the judgment, by failing to require such a clause, directed that the lease omit all clauses not included in its decretal paragraph, especially in view of the findings on which the judgment is based.

The established rule is that in the absence of an express prohibitive covenant any leasehold is assignable or may be sublet (*Eten* v. *Luyster,* 60 N. Y. 252, 257; *Fleisch* v. *Schnaier,* 119 App. Div. 815, 816; 2 N. Y. Law of Landlord & Tenant, § 512, p. 98).

By the instant motion plaintiff seeks an order directing the defendant to execute and deliver to plaintiff a lease in accordance with the decree and that in the event defendant fails to execute and deliver the lease as directed, that the court require the sheriff to execute the required lease pursuant to section 979 of the Civil Practice Act, and that the court require the sheriff to put plaintiff into possession pursuant to section 985 of the Civil Practice Act.

The mentioned provisions of the Civil Practice Act are without application here.

Section 979 relates to conveyance of title to real property and where the judgment directs a party to convey real property, if the direction is disobeyed, the court, by order, besides punishing the disobedience as a contempt, may require the sheriff to convey the real property, in conformity with the direction of the court.

Section 985 relates to the delivery of possession of real property to a purchaser and authorizes the court, in its discretion, to require the sheriff to put that person into possession. The relief granted thereunder is in the nature of a writ of assistance.

No conveyance of title to the property is involved here; the transaction involved is not one of purchase and sale of real property, but involves the execution and delivery of a lease, and hence, the aforestated provisions of the Civil Practice Act are inapplicable.

The decree herein already directs defendant to execute and deliver to plaintiff a lease upon the terms set forth in the decree. Upon defendant's refusal to do so two remedies are open to plaintiff, viz., a motion to punish defendant for contempt, or to amend the decree by incorporating a provision therein to the effect that the decree shall constitute the lease between the

parties upon the terms therein stated and vesting plaintiff with all rights as such lessee thereunder, upon defendant's failure to execute and deliver such lease. This is the rule as to vesting of title (see *Mariani* v. *Summers*, 52 N. Y. S. 2d 750, 756, affd. 269 App. Div. 840; 58 C. J., Specific Performance, § 632, p. 1276), and the principle is applicable to the vesting of rights under a lease. In other words, the court may, by such provision, prevent its decree from being rendered nugatory or ineffective, and, in result, regards that as done which ought to be done.

For the reasons stated, the motion is denied.