MOSES WERBER, Landlord, *v.* THELMA WEINSTEIN, Tenant, and " JOHN DOE ", Undertenant.

Municipal Court of the City of New York, Borough of The Bronx, March 3, 1955.

*Robert Konove* for landlord.

*Leon Schreiber* for tenant.

LASHIN, J. This is a holdover proceeding wherein the landlord seeks to evict the tenant from an apartment occupied by her at premises 204 West 179th Street, Bronx, New York, together with garage and storage space. The alleged ground upon which eviction is sought is that the tenant is violating a substantial obligation of her tenancy in that she had sublet a portion of the premises without the permission or consent of the landlord and had failed to desist from such violation after notice served upon her, pursuant to paragraph (a) of subdivision 1 of section 5 of the State Residential Rent Law (L. 1946, ch. 274, as amd.). Due service of such notice is not disputed.

The portion of the premises claimed to have been sublet without the permission or consent of the landlord, is the garage. The lease in evidence, appears to have expired on May 31, 1953, and the terms thereof are, of course, projected into the statutory tenancy which now prevails. The lease describes the demised premises as: " the apartment known as apartment on the ground floor, in the building known as 204 West 179th Street, in the Borough of Bronx, City of New York." No mention is made of the garage or any specific portion thereof, being demised with the apartment. However, at the trial the tenant introduced into evidence a statement of registration with the Temporary State Housing Rent Commission which includes the garage as one of the services provided with the housing accommodation.

It is undisputed that about a year and one half prior to the institution of the present proceeding, the tenant sublet the garage to a third person, without first obtaining the permission or consent of the landlord so to do. The lease contains the standard clause prohibiting the assignment or subletting of any part of the " demised premises " without the landlord's written consent. It is equally undisputed that the landlord knew of such subletting " right away " — when it took place — and nevertheless continued to accept the rent payable, throughout the entire period in question until December, 1954, and January, 1955. The rent for said months was offered by the tenant but was sent back by the landlord.

The contention is made on behalf of the landlord, that the prohibition against subletting any part of the demised premises applies to the garage even though the language in the lease does not include the garage in its description of the premises rented. This is very much open to question. The lease was prepared by attorneys for the landlord and must, of course, be strictly construed against the landlord, the more so because the application of the restrictive covenant would result in a forfeiture (*Paddell* v. *Janes,* 84 Misc. 212; *Galligan & Co.* v. *P. S. M. Inc.,* 116 Misc. 754). It is true that the registration with the Rent Commission does include the garage as a service incidental to the housing accommodation registered, but this fact by no means warrants the reading into the lease, language that is not there. Furthermore, the garage in question is a two-car garage and the tenant apparently had the use of only a part thereof and no testimony was offered as to the exact portion of the garage that this tenant had the right to occupy. The inclusion of the word " garage " as one of the services listed in the registration statement, does not supply the omission. Under the State Residential Rent Law this tenant has the right to the use of a garage with the demised premises. These laws were intended to be used as a shield for tenants and not as a sword to be turned against them. We thus have no express prohibition of the subletting of the garage space that was rented by the tenant to a third party. It is well established that in the absence of an express prohibitive covenant, any leasehold is assignable or may be sublet (*1130 President St. Corp.* v. *Bolton Realty Corp.,* 198 Misc. 198). Thus it would appear that this tenant was not restricted from subletting the garage space.

However, it is not necessary for the court to decide this question. Even if we assume that the garage was part of the demised premises and that, therefore, the tenant could not sublet the

garage without first obtaining the landlord's written consent, the landlord must be deemed to have waived the provision against such subletting. Our Court of Appeals has held that the acceptance of rent by a landlord after the acquisition of knowledge by him of the violation of the terms of the lease, in subletting without the landlord's written consent, constitutes a waiver of the right to invoke the forfeiture clause (*Woollard* v. *Schaffer Stores Co.*, 272 N. Y. 304). In *Chaky* v. *Altman* (76 N. Y. S. 2d 62–63), the precise period of time here involved — a year and a half, had elapsed since the landlord's knowledge of the subletting. The Appellate Term of this department said: " The record indicates that the landlord must have known that the tenant was renting out rooms. Having accepted rent for a year and a half under these conditions, there is a waiver of the provision of the lease against subletting without the landlord's consent." To the same effect are *Kingdale Realties* v. *Sherry* (106 N. Y. S. 2d 796) and *Farose Realty Corp.* v. *Shaff* (117 N. Y. S. 2d 375).

Judgment must accordingly be rendered in favor of the tenant.