Samuel H. Hoestadteb, J.
The plaintiff, a statutory tenant of office space, moves for an injunction pendente lite directing the defendants to list the name of a subtenant to whom he recently rented an office on the lobby and floor directories of the building in which the offices are situated. The expired lease prohibits subletting without the landlord’s written consent, but provides further that such consent shall not be unreasonably withheld. The plaintiff has occupied his space since 1929 and it is not denied that he has for many years leased a portion of his suite to various subtenants without objection of his landlord. Nor is it disputed that the defendants have refused to place the name of the new subtenant on the directories mentioned.
Whether a lease provision permitting subletting or, as here, one requiring the landlord not unreasonably to withhold permission to sublet is projected into a statutory tenancy does not appear to have been authoritatively determined by our appellate courts. In Gross v. Libby Properties (298 N. Y. 514, affg. 273 App. Div. 851), the question was expressly left open, though at Special Term the view was expressed that the right to sublet is not inconsistent with the rent laws and is, therefore, projected into the statutory tenancy. (72 N. Y. S. 2d 918, 919.) The contrary was held in Leventhal v. 128 West 30th St. Corp. (158 N. Y. S. 2d 398, 401). (See, also, 130 West 57 Corp. v. Hyman, 188 Misc. 92.)
The plaintiff in this case does not rely solely on the projection of the subletting clause into his statutory tenancy by implication of law. He contends additionally that it has become a term of the tenancy by express written agreement made on October 31, 1955, when the parties agreed on a rent increase. This agreement, while declaring that the tenant remained in possession as a statutory tenant and not otherwise, bound the plaintiff to pay the new rent “ as provided for under the terms of the lease between the landlord and the tenant covering the same premises, dated the 15th day of May 1947 which lease is hereby ratified and reaffirmed herein.” The plaintiff’s position is that by this agreement the parties expressly adopted *795 the subletting provision as a term of the continuing statutory tenancy.
For reasons to be stated I have reached the conclusion that the motion for an injunction should be denied but an early trial ordered. If it becomes necessary to decide the question whether the subletting clause is a term of the tenancy, either by projection or by the October 31, 1955 agreement, it should be resolved on the full record which a trial will develop. In the circumstances, I think I should refrain at this time from any indication of my own views on the question.
The injunction here asked for is mandatory in character; its effect would be not to preserve the status quo but to give the plaintiff at the outset of the litigation the ultimate relief he seeks. Only in extraordinary circumstances may such an injunction be granted; if the plaintiff’s right to relief is not clear he may not have a mandatory injunction. (Yome v. Gorman, 242 N. Y. 395, 401-402; Bachman v. Harrington, 184 N. Y. 458; Pizer v. Trade Union Service, 276 App. Div. 1071; Bobrose Developments v. Jacobson, 251 App. Div. 825.) No such clear right is shown here for aside from the question of law already discussed, the managing agent of the building not alone denies consent to the subletting but asserts that the plaintiff was told that the right to sublet was not considered a term of his tenancy and that no subletting would be permitted. The issue so raised precludes a mandatory injunction and the motion therefore is denied.
The plaintiff asks for additional relief. He requests an extension of time within which to reply to a demand served on him by the defendants pursuant to subdivision 4 of section 4 of the Business Rent Law (L. 1945, ch. 314, as amd.) calling for a verified statement of his subtenancies. This demand is wholly unrelated to the cause of action stated and the relief prayed for in the complaint; moreover, the plaintiff has shown no good ground for the extension requested. The motion for such extension is accordingly denied.
The plaintiff’s motion for summary judgment is likewise denied since, insofar as the action is for an injunction, summary judgment may not be had by a plaintiff and, insofar as it seeks a declaratory judgment, there are triable issues. The motion to strike the affirmative defense is also denied.
As stated, there should, however, be an early trial. Accordingly, the action is set for trial at the head of the General Equity Calendar of April 21,1958 on filing a note of issue and payment of the appropriate fee and the certificate of readiness is dispensed with.