Maurice Wahl, J.
The landlord herein seeks to recover possession of the demised premises located in New York County on the ground that the tenants have violated a substantial obligation of their tenancy in that they have permitted two persons, strangers to the landlord and not members of their family, to live in and occupy said apartment without the permission and consent of the landlord.
The tenants, brother and sister, resided in the apartment for many years, and the sister, Margaret D. Hickey now is the sole tenant. The last lease was executed on July 5, 1946. The landlord relies upon the provisions of the aforesaid lease which, by its terms, expired September 30, 1947 and which contained a covenant against subleasing or assignment on the part of the tenants without landlord’s written consent.
The tenants continued in occupancy after the expiration of the term of the lease as statutory tenants. The uncontradicted evidence reflects that the alleged- subtenants Pearl Graham and Verona McAndrews continuously resided in the premises from July, 1949 and January, 1950 respectively, to date and that théir occupancy was open and notorious. The facts indicate a letting of a room to the two women.
The landlord became the owner of the building of which the demised premises form a part in July, 1957, and in September, 1957, or perhaps before that, the landlord knew of the additional occupancy of the two adults in the demised premises who were not members of the immediate family of the tenants. In that month, it made application to the Local Rent Administrator for an increase in the maximum rental for the tenant’s apartment based upon, the additional occupancy. In this latter proceeding, the landlord submitted an affidavit naming Graham and McAndrews as the two additional occupants in the tenant’s .apartment; the Local Rent Administrator denied the application of the landlord.
After the denial of its application by the Local Rent Administrator, and in January, 1958, the landlord caused to be served upon the tenant a notice alleging that the tenant had violated the obligations of her tenancy in permitting Graham and *1004 McAndrews to occupy the demised premises without the consent of the landlord, and demanded the tenant to cure such violation by their removal. The landlord accepted rent and continued to accept rent from the tenant with full knowledge of the existence of the occupants from September, 1957 to and including December, 1958, which facts were admitted by the landlord.
The acceptance by the landlord of rent with- full knowledge constituted a waiver (Woollard v. Schaffer Stores Co., 272 N. Y. 304, motion for reargument denied 273 N. Y. 527; Ireland v. Nichols, 46 N. Y. 413; Kingdale Realties v. Sherry, 106 N. Y. S. 2d 796).
The subletting commenced before the advent of this landlord, and the petitioner may not be heard to complain of that now which was permitted for a number of years. The restriction in the lease is nullified by the petitioner and its predecessor (41st St. Bldg. Corp. v. Rothenberg, 12 Misc 2d 111).
The landlord’s petition is dismissed. Final order for the tenant.