Hilda G. Schwartz, J.
This is a holdover summary proceeding brought to evict the tenant of a rent-controlled apartment on which tenant holds a three-year lease expiring May 31, 1970. The grounds advanced are that tenant violated a substantial obligation of his lease in that he failed to obtain the landlord’s consent to a three months’ sublease.
The lease expressly provides that the tenant has the right to sublease his apartment or assign his lease, with the consent of the landlord, which consent shall not be unreasonably withheld. It was not disputed that on prior occasions, the tenant had subleased, to which sublets the landlord had either consented or imposed no objections.
Here, the tenant orally advised the landlord of the sublease on March 2, 1969 and in writing on March 3, 1969 providing the details of the sublessee’s background and responsibility.
It is not disputed that after the oral discussion of the subletting, after receiving tenant’s letter advising him of the details and after a personal visit by the landlord to the premises where he met the subtenant, the landlord accepted the March, 1969 rent for the apartment from the tenant. The canceled check shows it was deposited and paid on March 13, 1969. This summary proceeding was commenced thereafter.
The landlord accepted the rent with full knowledge of the subletting and prior to the commencement of this summary proceeding. The acceptance of rent by the landlord after the *384 acquisition of knowledge by him of the violation of the terms of the lease, in subletting without the landlord’s consent, constituted a waiver of the right to invoke the forfeiture (Woollard v. Schaffer Stores Co., 272 N. Y. 304, mot. for rearg. den. 273 N. Y. 527; Ireland v. Nichols, 46 N. Y. 413). Having accepted rent, there is a waiver of the provision of the lease against subletting without the landlord’s consent. (Chaky v. Altman, 76 N. Y. S. 2d 62, 63; Kingdale Realties v. Sherry, 106 N. Y. S. 2d 796; Farose Realty Corp. v. Shaff, 117 N. Y. S. 2d 375; Werber v. Weinstein, 207 Misv. 707; Madison Ave. & 92nd St. Corp. v. Hickey, 15 Misc 2d 1002; Fanchild Investors v. Cohen, 43 Misc 2d 39.)
Subdivision 1 of section 711 of the Real Property Actions and Proceedings Law which authorizes a landlord to accept rent without prejudice to holdover proceedings, applies only to acceptance of rent after the proceeding has been commenced (Guy v. Furman, 4 Misc 2d 564).
The landlord having accepted rent with full knowledge of the subletting, waived the covenant in the lease against subleasing by his tenant without the landlord’s consent and waived the right to invoke forfeiture for violations of the terms of the lease. This summary holdover proceeding to evict on the grounds of such violation, must, therefore, be dismissed.
While the foregoing makes it unnecessary to determine whether the landlord’s consent to the subletting was unreasonably withheld, the evidence clearly supports such a finding. The petition is dismissed.