OPINION OF THE COURT
Jeffry H. Gallet, J.
In this holdover proceeding, the landlord seeks to terminate the tenancy of her rent-stabilized tenant because the tenant has taken possession of a certain storage closet in the *612 hallway near the entrance door to the tenant’s apartment which the landlord contends constitutes a breach of a substantial obligation of the tenancy allowing termination as provided in subdivision (a) of section 53 of the amended Code of the Rent Stabilization Association of New York City, Inc. (the Code). The tenant defends on the grounds that the use of the closet is a required ancillary service under subdivision (m) of section 2 of the Code or, alternatively, that the landlord has waived her right to bring this proceeding by reason of her acquiescence to the use for many years.
JURISDICTION
The tenant moves to dismiss on two jurisdictional grounds:
(1) that the petition is by an agent and, therefore, does not meet the requirements of section 721 of the Real Property Actions and Proceedings Law and
(2) that the owner has not filed and pleaded a proper registration statement as required by section 325 of the Multiple Dwelling Law, sections D26-41.01 and D26-41.03 of the Administrative Code of the City of New York, and subdivision (f) of section 2900.21 of the Rules of the Civil Court of the City of New York.
The motion is denied.
From a reading of the papers, it is unclear who is the petitioner although the relationship of the parties is clear. The caption identifies the petitioner as “Yetta Rosenberg Sarah Schleifer, Agent”. The body of the petition names Schleifer as petitioner, but its verification by Schleifer states, in part, “the reason this verification is not made by the petitioner in person is that the petitioner is ill she had a heart attack, and I am her daughter with knowledge of the facts.”
On trial, Schleifer testified that she was running the building in question for her mother during her mother’s temporary illness under a general power of attorney, which was received into evidence. Such a power authorizes its holder to do almost any act the grantor can do. (General *613 Obligations Law, §'5-1502A.) Its grant of authority exceeds that usually given a mere agent.
Subdivision 10 of section 5-1502A of the General Obligations Law clearly shows the intent of the Legislature to grant attorneys in fact broad authority to litigate on behalf of their principals. In contrast, the Legislature by amending section 721 of the Real Property Actions and Proceedings Law (RPAPL), revoked the authority of agents and attorneys at law to act as petitioners in summary proceedings.
The apparent conflict between the General Obligations Law and the RPAPL is easily reconciled. An attorney in fact under a power of attorney meeting the requirements of sections 5-1501 and 5-1502A of the General Obligations Law is more than a mere agent. He is, rather, an alter ego of his principal, whereas a simple agent is no more than his principal’s instrument. While an agent is precluded from doing so, an attorney in fact may bring a summary proceeding to recover possession of real property.
Schleifer could have brought this proceeding in her own name as attorney in fact or she could have properly verified a petition in which Rosenberg was the petitioner, for Schleifer was a person with actual knowledge of the underlying facts. She did neither. Nor did she move to amend her pleadings at the end of the trial to conform to the proof. Had she so moved, her motion would have been granted.
Although it is important for the courts to provide incentives to follow procedural guidelines, the fact remains that the defect is insubstantial. Further, there has been no prejudice to the respondent nor any claim of confusion or deception. To dismiss the petition for an insubstantial technical reason would be a miscarriage of justice. (Gamliali v Tower of David, 94 Misc 2d 763.)
Therefore, the court, in the interest of justice, construes the pleadings to allege Sarah Schleifer, as attorney in fact, as the petitioner. (CPLR 3026.)
As to the second issue, the failure of the petitioner to file a new registration statement during Rosenberg’s temporary disability is not fatal to the petition. Here, the testimony dis *614 closes that Rosenberg maintained the ultimate responsibility for the operation of the building and that the tenant was fully aware of the arrangement with Schleifer and, should the need have arisen, of the manner in which to contact Schleifer.
It would place an unreasonable burden on both owners and the City of New York if new registration forms had to be filed each time a registered agent was temporarily disabled and again at the end of the disability. The petition was in substantial compliance with both the filing statutes and pleading rules. (Lazarus v Liebowitz, 85 Misc 2d 822.) Had the facts disclosed either that Rosenberg’s disability was long term, or that Schleifer was hiding behind Rosenberg’s filing, the holding would have been otherwise.
PACTS
The tenant contends that she was allowed the use of the closet in question from the day she moved into her apartment in 1973. She claims she placed her lock on the closet at that time and has retained control of the closet to date. The owner disputes that contention, but concedes that the tenant’s lock was on the closet for a year before she moved to terminate the tenancy. During that year, the landlord instituted a summary proceeding against the tenant on other grounds.
LAW
The question of what is or is not a required ancillary service is one which should, in the first instance, be determined by the Conciliation and Appeals Board (CAB) which is empowered to interpret the Code. (Code, §§ 33, 34, 2, subd [m].)
Similarly, claims against the tenant in trespass or ejectment with respect to the closet, as opposed to an attack on the tenancy of her apartment, must be left to such other actions as may be appropriate. The only question properly before this court is whether the tenant’s use of the closet constitutes a breach of a substantial obligation of the tenancy sufficient to evict her from her apartment.
*615 In making its determination the court is required to consider the entire context of the act in question. (Matter of Park East Land Corp. v Finkelstein, 299 NY 70; Jefferson Assoc. v Miller, 63 Misc 2d 1056; New York Life Ins. Co. v Dick, 71 Misc 2d 52.)
It is the landlord’s delay which is dispositive of this case. The Court of Appeals has held that a -landlord with knowledge who has failed to act on his tenant’s alleged violation of his tenancy for a short period of time has waived his right to do so. (Woollard v Schaffer Stores Co., 272 NY 304; Ireland v Nichols, 46 NY 413; see, also, Sagson Co. v Weiss, 83 Misc 2d 806; Valentine Gardens Co-op v Oberman, 237 NYS2d 535; Melroy Realty Corp. v Siegel, 60 Misc 2d 383.)
DECISION
Here the owner allowed the tenant to use the storage closet, by Schleifer’s own admission, for at least a period of one year before instituting this proceeding.
Accordingly, final judgment for the respondent without prejudice to the petitioner’s right to commence an action in the appropriate court for trespass or ejectment or to file a complaint with the CAB.