OPINION OF THE COURT
Anthony J. Gigliotti, J.
This action, pursuant to RPAPL 711, for possession and rent *861 allegedly demanded and unpaid was commenced by petitioner, Morris Gilman, in his capacity as attorney-in-fact for the owners of the premises in question. The caption of the notice of petition and petition reads as follows: Morris Gilman (POA) for Randy and Michele Manheim against Judi Kipp. The petition was both executed and verified by Gilman. The owners, who apparently live out of State, previously executed the statutory short-form power of attorney as defined by General Obligations Law § 5-1502H in favor of Gilman. That document authorizes Gilman to, among other things, accept service of process and appear for the principal, assert any cause of action against any individual, and settle any claim by or against the principal.
The instant case raises the apparent conflicts among various provisions of the Real Property Actions and Proceedings Law and Judiciary Law, and the General Obligations Law referred to above. Section 721 of the RPAPL delineates an exclusive list of those persons entitled to be petitioners in summary proceedings. The State Legislature specifically removed agents, legal representatives, and attorneys from that list by statutory amendment in 1977. Sections 478 and 484 of the Judiciary Law preclude persons from appearing as an attorney-at-law for a person other than himself or herself in any court of record unless that person has been licensed and admitted to the practice of law. General Obligations Law § 5-1502H, in addition to the responsibilities stated above, authorizes an attorney-in-fact to hire, discharge and pay an attorney.
In Rosenberg v Suares (105 Misc 2d 611 [Civ Ct, NY County 1980]), Judge Gallet acknowledged the conflict between the General Obligations Law and the RPAPL as raised by the instant case. Contrary to the opinion of this court, Gallet concluded that the "agent”, excluded from being a petitioner by RPAPL 721, should not include those persons acting pursuant to a general power of attorney because such persons are more than "mere agents”.
We find nothing in the post-1977 version of RPAPL 721 or its legislative history to evidence an intent to except any agency relationship from the limitations provided for. Rules of statutory construction dictate that a rule relating to the practice in a specific court be followed when it appears to conflict with one having more general application. In this case, the General Obligations Law defines the general scope of powers of attorney. The RPAPL has, however, strictly limited *862 those person who are entitled to request the expeditious remedies afforded by summary proceedings. Those persons authorized by RPAPL 721 to bring a summary proceeding do not include individuals holding a general power of attorney.
An additional consideration argues against the rationale found in the Rosenberg case (supra). The court (at 613) refers to an attorney-in-fact as the "alter ego of his principal” and therefore concludes he may act as petitioner in a summary proceeding. The effect of this reasoning would allow the nonattorney, managing real estate agent to draft and file legal documents, appear on behalf of petitioners in courts of record, and fashion legal, as well as factual, arguments on behalf of property owners upon the mere execution of revocable power of attorney documents. The inherent right of a person to appear "pro se” in legal proceedings cannot be assigned to another by executing the power of attorney. To hold otherwise would invite the unauthorized practice of law.
This court reaches the same conclusion as Judge Williams in Matter of Stokes v Village of Wurtsboro (123 Misc 2d 694, 695 [Sup Ct, Sullivan County 1984]) "that the attorney-in-fact may not represent the principal as legal counsel in a court of record.” Another court has similarly interpreted the power of attorney as not providing a lay person with the "authority to proceed pro se on behalf of his principal in the instant proceeding” (Matter of Friedman, 126 Misc 2d 344, 345 [Sur Ct, Bronx County 1984]).
Indeed, since 1977 the role of agents in assisting landlords to enforce their rights in summary proceedings has been strictly limited. Section 741 of the RPAPL incorporates CPLR 3020 (d) and thereby defines the limited circumstances when an agent, including an attorney-in-fact, may verify petitions in summary proceedings. An attorney-at-law is the only person who may appear, in absence of the petitioner, to argue points of law in a summary proceeding.
Based upon the preceding, this court, on its own motion, here determines that Morris Gilman, an attorney-in-fact, is not a person who may maintain a summary proceeding for the rightful owners and therefore dismisses the instant petition.