[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
CT Page 1060
The interesting question presented by this case is whether the plaintiff may prosecute this summary process action pursuant to a pro se appearance based on authority granted to her in a durable power of attorney. The answer is that she may not.
The plaintiff, Myrna Long, commenced this summary process action against the defendant based on her claim that their lease had terminated by lapse of time. The defendant filed an answer, and the matter was scheduled for trial on January 6, 1995. On the date of trial, the court referred the case to the Housing Specialist for mediation pursuant to General Statutes § 47a-69. During the course of her evaluation of the case, the Housing Specialist noted that the pro se plaintiff was in fact not the record owner of the property in question, but rather was acting pursuant to a power of attorney granted to her by her mother, Lucille Y. Markley, of Lee County, Florida. The Housing Specialist was aware of the fact that, although there is apparently no Connecticut case law on this subject, a 1990 memorandum from the Deputy Director for Housing Matters, Superior Court Operations, had expressed the opinion that "[o]ne who has a power of attorney cannot represent another before the Superior Court." Although the memorandum is not binding on this court, the Housing Specialist correctly felt obliged to bring the issue to the attention of the parties and the court.
Upon being made aware of the plaintiff's status, the court continued the case to January 20, 1995. It invited the parties to obtain counsel, brief the issue and argue it on that date. The parties, however, declined the court's invitation to retain counsel and submit briefs. By way of argument, the plaintiff submitted a copy of the "durable power of attorney" granted to her by her mother, highlighting those sections relevant to summary process matters, and she cited General Statutes § 1-51 regarding claims and litigation pursuant to a statutory short form power of attorney. The defendant, who has also appeared pro se, submitted no argument but urged the court to dismiss the case.
The power of attorney granted to the plaintiff by her mother authorizes her, in pertinent part:
to bring and defend actions in law or equity CT Page 1061 and to compromise claims. I in particular give my daughter, Myrna M. Long, the power to act in my stead in all summary process proceedings in regard to any and all real or personal property, and any and all mortgages and leases I own now or in the future in the State of Connecticut.
General Statutes § 1-51 provides, in pertinent part:
 In a statutory short form power of attorney, the language conferring general authority with respect to claims and litigation shall be construed to mean that the principal authorizes the agent . . . to assert and prosecute before any court . . . any cause of action . . . which the principal has, or claims to have, against any individual . . . including, but not limited to, power to sue for the recovery of land . . . to perform any act which the principal might perform . . . to appear for the principal . . . to hire, discharge and compensate any attorney . . . when the agent deems such action to be desirable for the proper execution by him of any of the powers described in this section . . . and . . . in general, and in addition to all the specific acts in this section enumerated, to do any other act or acts, which the principal can do through an agent, in connection with any claim by or against the principal or with litigation to which the principal is or may become or be designated a party.
From the plaintiff's perspective, this statute is clear and unambiguous. It gives her the right, having been duly authorized to do so by her principal, to bring a summary process action on behalf of her principal and to appear in court on her behalf as well. Practice Book § 54 states that at any time after "the writ has been filed, the attorney for any party to any action, or any party himself, may enter his appearance . . ." It is thus the plaintiff's position that, having been authorized by her principal to appear in summary process matters and, having been authorized by General Statutes § 1-51 to appear for her principal, she is also authorized by the Practice Book to enter CT Page 1062 a pro se appearance in any matter in which she is a proper party.
The situation, however, is more complicated than at first appears. General Statutes § 1-43 makes powers of attorney effective only "to the extent [that the principal is] permitted by law to act through an agent . . ." One law that may place limits on an agent's powers is General Statutes § 51-88, which provides, in pertinent part: "(a) a person who has not been admitted as an attorney under the provisions of section 51-80
shall not: (1) practice law or appear as an attorney-at-law for another in any court of record in this state . . .(b) any person who violates any provision of this section shall be fined not more than two hundred and fifty dollars or imprisoned not more than two months or both. . ."
It should be noted that the authority to proceed pro se
is found in subsection (d) of the same statute: "The provisions of this section shall not be construed as prohibiting: . . . (2) any person from practicing law or pleading at the bar of any court of this state in his own cause." (Emphasis added.)
The drafter of the Court Operations memorandum referred to above had expressed the concern that permitting an attorney in fact to file a pro se appearance would open the floodgates to evasion of General Statutes § 51-88 by those who would grant powers of attorney to unqualified persons who could then file prose appearances which would give them the authority to act as though they were attorneys at law without risk of penalty. Although this particular principal and her attorney in fact do not appear to present such a threat, their argument, carried to its logical extreme, offers no limitation on the ability of a principal to designate anyone at all to be his or her attorney in fact, and, once so designated, no limitation on that person's ability to file a pro se appearance to prosecute his or her principal's claim. Such a result would render General Statutes § 51-88 virtually meaningless.
The authority granted through a power of attorney is governed by the law of agency:
 An attorney in fact is one who is given authority by his principal to do a particular act not of a legal character; a person appointed by another by a letter or power of attorney to transact any business CT Page 1063 for him out of court. The term includes all agents employed in any kind of business except attorneys at law . . . attorneys in fact created by formal letter of attorney are merely agents and their authority and the manner of its exercise are governed by the principles of the law of agency. 2A C.J.S. Agency Sec. 23, pp. 589-90. (Emphasis added).
An attorney in fact is a "private attorney authorized by another to act in his place and stead, either for some particular purpose, as to do a particular act, or for the transaction of business in general, not of a legal character." Black's Law Dictionary (4th Ed. 1968), p. 164. (Emphasis added)
The right to bring a claim against another does not necessarily imply the right to prosecute that claim pro se. It is well established, for example, that a non-attorney officer of a corporation may not file such an appearance on the corporation's behalf. Triton Associates v. Six New Corporation, et al,14 Conn. App. 172, 175-76, 540 A.2d 95, cert. denied, 208 Conn. 806,545 A.2d 1104 (1988). Nor may a general partner who is not an attorney file a pro se appearance on behalf of the partnership. Expressway Associates II v. Friendly Ice CreamCorp. of Connecticut, 34 Conn. App. 543, 642 A.2d 62 (1994). The logic of cases that reach that conclusion is applicable to this situation as well. "The authorization to appear pro se is limited to representing one's own cause, and does not permit individuals to appear pro se in a representative capacity."34 Conn. App. at 546. Moreover, "the rationale for the rule in corporate cases applies equally to all artificial entities." Id. at 548-49, citing Rowland v. California Men's Colony, 121 U.S. 656,113 S.Ct. 716, 721, 12 L.Ed.2d 656 (1993).
Although Connecticut has not directly addressed the issue of the filing of a pro se appearance pursuant to a statutory power of attorney, the courts of several sister states have done so. In Estate of Joseph Friedman, 126 Misc.2d 344,482 N.Y.S.2d 686 (Surrogate's Court, Bronx County 1984), the petitioner, acting as attorney in fact for his mother, instituted a proceeding to compel the production of a will. New York's power of attorney statutes relating to claims and litigation, General Obligations Law, §§ 5-1502H and 5-1502G, are quite similar to our own, as are its laws relating to the unauthorized CT Page 1064 practice of law, Judiciary Law, §§ 478, 484 and 485. The court in Friedman ruled that although the principal could of course herself proceed pro se if she wished, "she cannot use a power of attorney as a device to license a layman to act as her attorney in a court of record. To sanction this course would effectively circumvent the stringent licensing requirements of attorneys by conferring upon lay persons the same right to represent others by the use of powers of attorney." 482 N.Y.S.2d at 687.
In a factual situation more similar to that presented by the instant case, Gilman POA Manheim v. Kipp, 136 Misc.2d 860,519 N.Y.S.2d 314 (City Court, City of Syracuse, 1987), the court dismissed a summary process proceeding brought by an individual pursuant to a power of attorney granted to him by the out of state owners of certain property. "The inherent right of a person to appear pro se in legal proceedings cannot be assigned to another by executing the power of attorney. To hold otherwise would invite the unauthorized practice of law."519 N.Y.S.2d at 315. Although an earlier New York case, Rosenberg v. Suares,105 Misc.2d 611, 432 N.Y.S.2d 620 (Civil Court, New York County, 1980), had reached a contrary result on the theory that the agent was the principal's "alter ego", case law since that date has been solidly, and in this court's view, correctly, against permitting such appearances.
More recently, the Alaska Supreme Court held that an agent authorized to act on his principal's behalf under a power of attorney may not file and prosecute a civil action pro se in his principal's stead. Christiansen v. Melinda, 857 P.2d 348
(Alaska 1993). Christiansen had been appointed to act as attorney in fact on behalf of one Sanders in connection with all matters relating to an apartment complex owned by Sanders. When Christiansen attempted to file a small claims action on Sanders' behalf, Melinda, the court's deputy clerk, refused the filing. Christiansen thereupon sued Melinda and the Alaska Court System. The Superior Court dismissed Christiansen's action for failure to state a claim upon which relief could be granted. The Supreme Court affirmed, holding, first, that Christiansen's actions constituted the unauthorized practice of law under Alaska's statutes and, second, that the existence of the power of attorney did not exempt the agent from the prohibitions of those statutes.
As to the first issue, although the court continued its previous practice of declining to try to give a precise definition to the phrase "practice of law", it nonetheless CT Page 1065 concluded that "in-court representation of another — a paradigmatic function of the attorney at law — falls within that definition", which also "embraces the preparation of pleadings and other papers incident to actions and special proceedings, [and] the management of such actions and proceedings on behalf of clients before judges and courts." Id. at 347.
Like the instant plaintiff, Christiansen argued that the durable power of attorney authorized him to act for the principal, that the principal could have appeared pro se, and, therefore, that he had the authority to litigate pro se for the principal. He claimed to find support in the power of attorney statute, AS 13.26.344, which is quite similar to General Statutes § 1-51. The court held that even those broad powers, however, are limited by the restriction that the attorney in fact is empowered to act only to the extent that a principal can act through an agent, a restriction that is also found in General Statutes § 1-43. As the practice of law by one not admitted as an attorney at law is not legal, and, in fact, is criminal, the agent's powers are indeed limited by those laws that prohibit the unauthorized practice of law. See, also, State v. Hunt, 78 Wash. App. 795,88 P.2d 96 (1994); Kohlman v. Western PennsylvaniaHospital, et al, 1994 WL. 730834, A.2d (Pa.Super. 1994).
General Statutes § 1-51(8), which gives the agent the authority to hire an attorney to protect the principal's interests "when the agent deems such action to be desirable for the proper execution by him of any of his powers . . ." does not imply that the agent has the option of either hiring a lawyer or appearing pro se as the agent sees fit. Rather, this provision means that in situations where the agent actually does have the option of acting for the principal himself (e.g. in negotiating leases), he may do so, or, if he feels he needs legal help, he is authorized to hire an attorney. This court is therefore inclined to agree with the Alaska Supreme Court, which concluded that the powers granted by the power of attorney statute "are best characterized as authorizing the agent to act as the client in an attorney-client relationship . . . the agent, then, while lacking the authority to litigate pro se in his principal's place, creates and controls the attorney-client relationship as fully as if he were the principal." Id. at 349. (Emphasis in original. Footnote omitted.)
The court is aware of the fact that many landlords choose to proceed pro se in summary process actions and often do CT Page 1066 so quite capably. The court also recognizes that a ruling that prohibits the plaintiff from prosecuting summary process claims on her principal's behalf places a financial burden on her principal by requiring the principal either to return to Connecticut to proceed pro se or to hire an attorney at law to act on her behalf. This court, however, has no authority to grant relief from this burden. It is apparent that, read against the backdrop of General Statutes § 51-88, the filing of a pro se
appearance by an attorney in fact is prohibited by the wording of General Statutes § 1-43 which permits the exercise of the power of attorney only to the extent that the principal is permitted by law to act through an agent.
Based on the foregoing, this court holds that the named plaintiff may not proceed pro se. This holding does not require the immediate dismissal sought by the defendant, but it does require that the plaintiff's pro se appearance be stricken. The plaintiff remains free, pursuant to the authority granted to her by her principal and by statute, to hire counsel to prosecute the case on her behalf. Should she fail to do so, however, the case will eventually become subject to dormancy dismissal.